LIBERTY F. JENKS *vs.* ROSELLA DYER & trustees.

Money due for board and lodging furnished to the debtor's workmen is "earnings" within the meaning of the St. of 1865, c, 43, § 2, which declares an unrecorded assignment of future earnings invalid against a trustee process.

TRUSTEE PROCESS on an account annexed for the price of groceries sold to the principal defendant. In the superior court she was defaulted; Henry King & Son, copartners, summoned as trustees, disclosed in their answer that on June 20, 1868, at the time of the service of the writ on them, they owed her $273.33, " said sum being due to her for board and lodging furnished by her to said trustees;" and Charles P. Field was admitted to claim the credits thus disclosed, by force of an instrument in writing, dated April 24, 1868, in which she, "in consideration of present indebtedness," and of his agreement to sell goods to her on credit, assigned to him " all money now due and all money which may within six months from the date hereof ba come due to me from Henry King & Son for board and lodging furnished and which may hereafter within the term aforesaid he furnished by me for the said Henry King & Son to men employed or to be employed within said term by the said Henry King & Son, to have and to hold the same to said Field for the purpose of securing to him payment for all goods and money for which I am or may become indebted to him within the term aforesaid."

At the hearing, before *Putnam*, J., it appeared that Field after April 24, 1868, sold to the principal defendant on credit goods of a value equal to the credits disclosed by the trustees; but that all the board and lodging furnished by her to the trustees, from which the said credits due from them arose, were also furnished after that date; and that her assignment to Field was not recorded. The judge ordered judgment charging the trustees, and the claimant appealed.

*J. M. Stebbins,* for the claimant, argued that the provision of the St. of 1865, *c.* 43, § 2, that unrecorded assignments of future earnings should be invalid against a trustee process, applied only to assignments of wages.

*T. M. Brown,* for the plaintiff.

WELLS, J.   We are of opinion that the word "earnings," in the St. of 1865, *c.* 43, § 2, was used for the purpose of embracing a larger class of credits than would be included in the more common term "wages." It involves the idea of compensation for services rendered, but is not limited to gains from merely personal labor.   Money due from time to time from an employer to a third party, for board and lodging of his workmen, is in the nature of compensation for services rendered to such employer. It may involve, to such third party, expenditures for provisions, house room and other matters besides labor.   But to the employer, or to those who receive the board, it is not a sale of the food and rent of the lodgings.   The result of the whole is a service rendered, for which the compensation is measured by the time of its continuance.   The return due for such service may properly be called "earnings."   The term applies to the whole reward for the service, and not merely to the profits therefrom.   We think the statute was intended to apply to credits of this nature.   As the assignment was not recorded, it is invalid against the trustee process, and the result must therefore be                                        *Trustees charged.*