JOHN AUGUR *et al.* *vs.* WILLIAM COUTURE, and LEWISTON STEAM MILL COMPANY, trustees.

Androscoggin. Decided September 24, 1878.

*Trustee process. Contract. Assignment. Name. Words,—wages, earnings.*

An assignment of a contract is not the assignment of wages, and need not be recorded under c. 93, § 1, of the acts of 1876.

A contract is binding when signed by the party making it, though he may use an English translation of a French name, as Seam for Couture, in his signature thereto.

ON REPORT, to settle questions of law arising under a trustee disclosure.

*J. W. Mitchell*, for the plaintiff.

*W. P. Frye, J. B. Cotton & W. H. White*, for the trustee.

*L. H. Hutchinson, A. R. Savage & F. D. Hale*, for the assignee, claimant.

APPLETON, C. J. On May 23, 1877, the defendant made a contract in writing with the Lewiston Steam Company to peel and pile " all the hemlock timber standing on the Virgin lot so called, in Canton; " to be all peeled by August 1st, and to be paid for in thirty days from the time of the completion of the contract.

The defendant, "in consideration of one hundred dollars and an agreement to furnish groceries," on May 28, 1877, assigned all claims under the above contract to T. F. Day & Co.

Here was an existing contract upon which a debt might arise, which would become due at some future time. The assignment to the claimants was valid. *Cutts* v. *Perkins,* 12 Mass. 206. *Farnsworth* v. *Jackson,* 32 Maine, 419, 420.

The trustee writ was duly served February 28, 1878.

At the time of this service the alleged trustee was indebted to the defendant in the sum of $107.10, while the defendant was indebted to the claimants in the sum of $195.15.

It is obvious that the trustees must be discharged, if the assignment is to be regarded as effective.

The plaintiff claims to avoid it, because it was not recorded in Canton.

By an act approved February 17, 1876, c. 93, § 1, it was provided that "no assignment of wages shall be valid against any other person than the parties thereto, unless such assignment is recorded by the clerk of the city, town or plantation, organized for any purpose in which the assignor is commorant, while earning such wages."

But this case cannot be brought within the provisions of c. 93. There was no assignment of wages. A contract was assigned and the earnings under it. The distinction between wages and the earnings under a contract is apparent, and it is recognized in *Jenks* v. *Dyer,* 102 Mass. 235. The assignment, then, being of the future earnings under a contract, need not be recorded.

The defendant is a Frenchman. In the contract and in its assignment he signed the name of William Seam to both these instruments, Seam being the translation of Couture, and he being known by both names. The defendant was equally bound by his signature, whether it be Couture or Seam. If he chose to anglicize his name he cannot thereby escape the performance of his contracts.

*Trustee discharged.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.