DORA A. JASON *vs.* JOSEPH ANTONE & others, & trustees.

Bristol.   Oct. 27. — Nov. 2, 1881.   MORTON & ALLEN, JJ., absent.

Money due for board furnished to sailors by a debtor, under an agreement with a third person, is " earnings," within the meaning of the St. of 1865, *c.* 43, § 2, which declares an unrecorded assignment of future earnings invalid against a trustee process.

ENDICOTT, J.   This is a trustee process.   By the claimant's exceptions, it appears that the trustees, having " outfitted " certain sailors who boarded with the defendants, made an agreement with the defendants whereby they became responsible for a certain amount of money equal to or less than the board of the sailors, contingent upon the sailors going to sea.   We have no other information as to the terms of this agreement.   But it is evident that the agreement was executed on the part of the defendants, and that the sailors went to sea; for the trustees state in their answers, that at the time of service of the writ there was $97.10 due from them to the defendants for the board of the sailors.

This money could be attached on trustee process.   The contract with the defendants that the trustees should pay the board of the sailors upon certain contingencies had been executed, and

nothing remained to be done but to pay the sum agreed to be due. It is true that the trustees were not boarders, but the sum they owed the defendants for the board furnished the sailors was the "earnings" of the defendants, and may be so treated in the hands of the trustees. It was "earnings" within the meaning of the St. of 1865, c. 43, § 2. *Jenks* v. *Dyer*, 102 Mass. 235.

The case finds that all the money became due after the assignment to the claimant; and as the assignment was not recorded, as required by the statute, it is invalid as against the trustee process. The court, therefore, properly ordered the trustees to be charged. *Exceptions overruled.*

*A. B. Collins*, for the claimant.

*L. T. Willcox*, for the plaintiff.