LOUISE M. BURNS and One, Plaintiffs, *v.* CHARLES J. MAURER, Defendant.

(County Court, Erie County, May, 1911.)

Execution against property — Property subject to execution — Salaries and wages.

> Where an employee in a hotel receives as compensation forty-five dollars per month and his board, the board is part of his earnings within the meaning of section 1391 of the Code of Civil Procedure.

MOTION by defendant judgment debtor to set aside an order directing his employer to pay to the sheriff one-twelfth of his earnings pursuant to section 1391 of the Code of Civil Procedure.

Calvin S. Crosser, for plaintiffs.

William C. Crombie and Reginald F. Penton, for defend-ant.

TAYLOR, J. This court made a garnishee order, directing the employer of this defendant to pay to the sheriff of this county one-twelfth of defendant's earnings. The papers presented thereupon showed that the defendant was working under an arrangement whereby he received forty-five dollars in cash per month and his board, and that said board was worth at least three dollars and fifty cents per week. The defendant judgment debtor moves to set the order aside, upon the ground that, under section 1391 of the Code of Civil Procedure, this defendant is not subject to garnishment, for the reason that the value of his board is not within the intendment of said section.

Section 1391 reads, in part, as follows: "Where any wages, debts, earnings, salary, income from trust funds or profits are  *  *  *  or shall thereafter become due and owing to him (the judgment debtor), to the amount of twelve dollars or more per week." The plaintiff, in construing this section, is entitled to the benefit of the most comprehensive word therein touching upon the judgment debtor's receipts. As far as the situation at bar is concerned I believe " earnings " to be that word. It has been held in Jenks v. Dyer, 102 Mass. 235, and Somers v. Keliher, 115 id. 165, that the word " earnings " embraces a larger class of credits than the term " wages;" that it covers all compensation for services and may even include expenditures as well as labor. It is urged by the defendant that it is the custom of hotels to pay the board of their employees; that it is a mere incident intended for their and their employer's convenience, and that the wages of this defendant would be as great whether or not he received board. This argument does not

impress me. I cannot bring myself to the conclusion that the defendant's board could have been contemplated as a mere gratuity. It seems clear to me that this is a part of his " earnings " under section 1391.

And since, however drastic this remedy may appear to any person, and however great a hardship it may work in this particular case, I am compelled to interpret this legislation according to the intent of the lawmakers as I gather it from reading the statute, the defendant's motion is denied, but without costs.

Motion denied.

---

SEBASTIAN C. JONES, Judgment Creditor, v. EDWARD H. NICOLL, Judgment Debtor.

(City Court of the City of New York, Special Term, June, 1911.)

Execution against property — Property subject to execution — Salaries and wages.
Officers — In general — Who are public officers.

> The compensation of a condemnation commissioner in the city of New York, appointed by a justice of the Supreme Court, which is not paid at stated times nor in stated amounts but is allowed in bulk by a justice of the Supreme Court, is not wages, salary or earnings within the meaning of section 1391 of the Code of Civil Procedure.
>
> *Semble*, a condemnation commissioner, appointed by a justice of the Supreme Court and required to take an oath of office, is a public officer.

MOTION to set aside execution issued under section 1391 of the Code of Civil Procedure.

E. Mortimer Boyle, for motion.

Joshua M. Fiero, Jr., opposed.

John H. Cowie, for city of New York.

GREEN, J. This is a motion to vacate and set aside an order granted under section 1391 of the Code of Civil Procedure, directing the sheriff to make levy and to continue