(174 App. Div. 224)

## WILLIAM F. KASTING CO. v. WHITTLE.

(Supreme Court, Appellate Division, Third Department.  June 30, 1916.)

EXECUTION ☞420½, New, vol. 10 Key-No. Series—WAGES—AMOUNT SUBJECT
—EARNINGS.

An employé, receiving $49 a month, and permitted by his employer
to live in a $20 a month house under agreement that the employé should
furnish his dependent sister with fuel, lights, and food, was subject to
garnishee execution only if any surplus in the value of the house rent
over his expenditures on account of his sister, when added to his wages,
reached the requisite amount of being more than $12 per week since
"earnings," on which liability to garnishment is based, is a more compre-
hensive term than the word "wages," including, not only the monthly
wages paid the employé, but also the pecuniary benefit to him resulting
from the agreement relative to the maintenance of his sister and his right
to live in the house free.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Earnings.]

Appeal from Albany County Court.

Action by the William F. Kasting Company against Alfred E. Whit-
tle. From an order denying defendant's motion to modify or vacate
an order, granted without notice, directing that an execution issue
against defendant's earnings, defendant appeals.  Order appealed from
reversed, and order directing that execution issue vacated.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Walter E. Ward, of Albany, for appellant.

Arnold, Bender & Hinman, of Albany (Roland Ford, of Albany, of
counsel), for respondent.

LYON, J.  The question involved upon this appeal is whether the
earnings of the defendant are subject to a garnishee execution as being
in excess of $12 per week.

The order appealed from denied defendant's motion to modify or
vacate an order, granted without notice, directing that an execution is-
sue against defendant's earnings to the amount of $1.68 per week.  The
affidavit of one of plaintiff's attorneys, upon which the order that an
execution issue was granted, stated that the earnings of defendant were
$47.50 per month, together with the rent of a house of concededly the
reasonable rental value of $20 per month.  The motion to modify
or vacate was supported by the affidavits of the defendant and of his
employer, who is his son.  By these affidavits it appears that, under an
agreement between the defendant's brother and the defendant's em-
ployer, the latter built a house upon the lot of the former, which was
to be occupied by a maiden sister of defendant, who was upwards of
60 years of age and was without means of support, and that the de-
fendant should reside in the house with her and furnish her with food,
fuel, and lights, and should receive from his said employer $49 per
month for his services as superintendent of his son's greenhouses.  No
answering affidavits were presented upon the motion to vacate, al-

though the defendant had been examined in proceedings supplementary to execution. I think that, upon the facts as presented, the motion to vacate should have been granted.

Concededly wages of $49 per month for 52 weeks of the year do not constitute sufficient earnings to warrant issuing a garnishee execution, and clearly the whole rental value of the house, of $20 per month, cannot properly be included as part of the' earnings of the defendant. It is not claimed that the defendant had theretofore been placed under any legal obligation to support his sister. Whether the value of the right given to the defendant to live in the house with his sister, which must be considered not a mere gratuity, but as part of defendant's earnings, exceeds the reasonable value of the fuel, lights, and food necessarily furnished by him to her, does not appear. If it does exceed it, then I think the surplus constitutes earnings which should be added to the wages of $49 per month, and upon the total the right to a garnishee execution should be determined. The only statement bearing upon the subject is found in the affidavit of the son to the effect that the $49 wages is actually necessary for the living expenses of the defendant and his sister. The word "earnings" is a more comprehensive term than the word "wages." Its signification is sufficiently extensive to include, not only the monthly wages paid the defendant, but also the pecuniary benefit to the defendant resulting from the agreement relative to the maintenance of the sister and the right of the defendant to live in the house free of charge.

The order appealed from should be reversed, and the order directing that an execution issue vacated. All concur.