GEORGE COLLER, Plaintiff, *v.* SHEFFIELD FARMS COMPANY, INC., Defendant.

County Court, St. Lawrence County, May 25, 1927.

Executions — garnishment — defendant indebted to plaintiff, tenant farmer, for moneys arising from sale of milk properly paid said funds pursuant to garnishee executions — moneys were " debts " within meaning of Civil Practice Act, § 684 — word " debts " includes every claim upon which sum of money could be recovered in action.

Defendant corporation which owed plaintiff, a tenant farmer working a farm on shares, certain moneys covering proceeds from plaintiff's sale of milk to it, properly paid over said moneys to the officer presenting garnishee executions issued against plaintiff, for said moneys were " debts," within the meaning of section 684 of the Civil Practice Act, pursuant to which the executions were issued. Under the statute, the gross cost of production is subject to attachment rather than the actual net share of the judgment debtor.

The word " debts " includes every claim and demand upon which a judgment for a sum of money or directing the payment of money could be recovered in an action.

ACTION to recover from the defendant certain sums of money which the defendant paid pursuant to certain garnishee executions issued under the provisions of section 684 of the Civil Practice Act.

*George H. Bowers,* for the plaintiff.

*Robert S. Waterman,* for the defendant.

DOLAN, J. The question involved is whether the defendant had the right to pay said moneys which it owed to the plaintiff toward the satisfaction of said garnishee executions. This particular question of law apparently has never been passed upon. Therefore, it may be advisable to relate somewhat in detail the circumstances which surround this case.

Plaintiff was a tenant farmer residing in the vicinity of the village of Canton, in the county of St. Lawrence. He occupied what is known as a dairy farm. There were twenty-eight milch cows thereon. He worked the farm on shares. In other words, the owner and the tenant were to receive one-half of the proceeds of the dairy and certain farm products. The defendant was a corporation engaged in the purchase, manufacture, sale and distribution of milk which owned and operated a plant in the said village of Canton. The milk from said dairy was sold and delivered to the defendant; the payments for said milk were to be made monthly, one-half of the amount of the milk from said dairy was

paid directly to the owner of the farm and the other half to the plaintiff. The defendant made full payments to the owner of his share but during the year 1926 the defendant failed to pay to the plaintiff his full share and deducted from the plaintiff's share of the proceeds from said milk the sum of eighty-four dollars and eighty-three cents. The defendant retained and deducted said money because certain garnishee executions duly issued out of the Justice Court, directed to and served upon the defendant, required it to pay to the officer or officers named in said executions ten per cent of the amount of the moneys due the plaintiff over and above a weekly sum of twelve dollars.

There was no dispute on the trial of this action in the Justice Court that the plaintiff was not a judgment debtor and that certain garnishee executions were issued upon judgments recovered against the plaintiff and that said garnishee executions — directed the defendant to pay ten per cent of the indebtedness due the plaintiff from the defendant to the officer holding the said garnishee executions and that the moneys demanded in this action were paid by the defendant pursuant to said executions. Consequently, there were no questions of fact left to the court to determine. This is a purely legal question, namely, did the defendant have the right to retain and deduct from the plaintiff's share ten per cent of the amount of its indebtedness to him and pay it to the officers presenting the executions against the plaintiff as a judgment debtor. Whether the defendant had that authority and right depends upon the purpose of the statute and the construction of the words contained therein. Section 684 of the Civil Practice Act is as follows, in part:

" 1. Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor, and upon satisfactory proof of such facts by affidavits or otherwise the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages,

debts, earnings, salary, income from trust funds or profits are due and owing or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided, but only one execution against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor shall be satisfied at one time, and where more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing.

" 2. It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness, to pay over to the officer presenting the same such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied, and such payment shall be a bar to any action therefor by any such judgment debtor.

" 3. If such person or corporation, municipal or otherwise, to whom said execution shall be presented, shall fail or refuse to pay over to said officer presenting said execution the percentage of said indebtedness, he or it shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution.

" 4. Either party may apply at any time to the court from which such execution shall issue, or to any judge or justice issuing the same, or to the county judge of the county, and in any county where there is no county judge, to any justice of the city court, upon such notice to the other party as such court, judge, or justice shall direct, for a modification of said execution, and upon such hearing the said court, judge or justice may make such modification of said execution as shall be deemed just, and such execution as so modified shall continue in full force and effect until fully paid and satisfied or until further modified as herein provided."

It is conceded that the indebtedness of the defendant to the plaintiff grew out of a contractual relation whereby the plaintiff sold and delivered milk to the defendant, but did not represent either wages, earnings, salary or income from trust funds as contemplated in the above statute. Possibly, part of the proceeds from said milk was due to the personal labor or efforts of the plaintiff. However, a large part was made up of other factors such as the labor of the hired man, and the plaintiff's wife and son, also the grain which was fed to the cows and the expenses of the transportation of the milk and the actual expenditures necessary to maintain a dairy farm including the payment of one-half of the taxes, so that the only word in section 684 of the Civil Practice Act which was applicable to the funds which were owing by the defendant to the plaintiff is the word " debts."

Is the word " debts " in the act to be construed in the usual sense of the word or has it a limited signification only to be applied to such obligations as arise from the labor and service of the judgment debtor?

The plaintiff contends with much logic that the word " debts," as used in said law, has a restricted meaning and includes only such debts as arise from the personal labor or service of the judgment debtor. The general impression prevails that this section of the Civil Practice Act was passed for the purpose of reaching part of the earnings or income of the judgment debtor and not for the purpose of attaching contractual debts.

The title to section 684, which is as follows, " Levy upon earnings or income of judgment debtor," indicates the purpose of the law, also the general scheme of payment or collection anticipates that the indebtedness is to arise in the future and to be measured upon or from the basic rate of twelve dollars per week. But notwithstanding what may seem the reasonable conception of this law, the Legislature has attached no limitations to the word " debts." If it so desired it could have easily defined what the word " debts " was to include in said law. No limitations having been expressed as to the meaning or use of the word, I conclude that the word " debts " as used in section 684 of the Civil Practice Act is to be used in the general sense of the word.

" A debt is not merely a promise to pay money. It involves the relationship of debtor and creditor, of borrower and lender, and ordinarily signifies an exchange of cash for a promise to return it with an increment of interest." (*Matter of New York State Gas & El. Corp.* v. *Gilchrist*, 209 App. Div. 771.) This is a broad and comprehensive definition of the word " debts." Subdivisions 2 and 3 of section 684 of the Civil Practice Act emphasize the impor-

tance of the word "indebtedness" as used in said subdivisions and apparently leave no alternative to the party indebted to the judgment debtor except to pay when the garnishee executions are presented by the officer, providing the indebtedness exceeds twelve dollars per week. On the failure or refusal of the party indebted to the judgment debtor to honor the garnishee execution or executions issued against the indebtedness due or to become due the judgment debtor, it shall be liable to an action for the amount of the percentage of the indebtedness demanded in the execution.

The tendency of the courts has not only been to sustain the provisions of the act but to even give the written word an added force not literally contained therein. (*Laird* v. *Carton*, 196 N. Y. 169; *Brearley School* v. *Ward*, 201 id. 358; *Wood* v. *Dock & Mill Co.*, 193 App. Div. 236; *Smith* v. *Endicott-Johnson Corp.*, 199 id. 194; affd., 234 N. Y. 628.)

"The word 'debts' includes every claim and demand, upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action." (*Matter of Gall*, 182 N. Y. 270.)

The above definition of "debts" seems to be an ordinary one and the one which should be followed in the construction of the statute in question.

The word "garnishee" is borrowed from the French language and is derived from "garnishment" or from the word "garnir," meaning to warn or give notice.

Garnishment is correctly defined to be a proceeding in the nature of an attachment or execution by means of which credits, property or effects of the debtor in the hands of a third person may be subjected to the payment of the claims of creditors of such debtor. The garnishee is the custodian of the property or funds in his hands attached. He is not interested in the result. He simply follows the orders of the court. Garnishee proceedings are purely statutory. The garnishee execution is a remedial process. The only relief granted therefrom is that either party may, at any time, apply to the court for a modification thereof. The plaintiff presumably in this case did not seek such relief and if he did he was compelled to invoke simply the discretionary powers of the court which evidently were not granted.

Under these circumstances, the defendant had the right and it was its duty to pay to the officer presenting the execution the money demanded in the complaint in this action.

I have come to this conclusion reluctantly since I can conceive that the construction herein given to section 684 of the Civil Practice Act and especially to the word "debts" as interpreted will work a great hardship in many instances; the instant case is a fair illustra-

tion.  Many different elements of cost entered into the production of the milk which was sold and delivered by the plaintiff to the defendant.  These additional factors have already been referred to, namely, the cost of domestic farm labor, of the grain fed to the cattle and horses, of the seeds purchased, of the ordinary expenses of maintaining a dairy farm, and also the payment of the taxes.  The total amount received from the milk might not be even sufficient to satisfy the said expenses, although said amount might exceed twelve dollars per week.  In fact, it is of general knowledge that it costs more than twelve dollars per week to maintain most dairy farms.  The judgment debtor should have an opportunity to deduct from the proceeds from said milk, at least, the ordinary and legitimate expenses incurred in the production of said milk before the moneys due from said milk are subject to garnishee proceedings.

Under the present law, the gross cost of production is subject to attachment rather than the actual net share of the judgment debtor.  There are many tenant farmers in the State of New York who may find themselves under similar circumstances or in a like situation.

Probably, the Legislature did not contemplate or foresee the result of the application of this law to the tenant farmer.  The amendment of the law deserves worthy consideration.

However, the judgment in the Justice Court in favor of the plaintiff and against the defendant for the sum of ninety dollars and fifty-eight cents must be reversed.