SHIFRA GROSTEIN, Plaintiff, *v.* BLUMENBERG DAIRY CORPORATION, Defendant.

Municipal Court of New York, Borough of Brooklyn, Seventh District, February 16, 1931.

*Joseph A. Teperson,* for the plaintiff.

*Harry Kwestel,* for the defendant.

SWEEDLER, J. This is an action brought by plaintiff, a judgment creditor, against the employer of a judgment debtor to recover the amount due on a garnishee execution pursuant to section 684 of the Civil Practice Act.

On the 8th day of April, 1929, judgment was recovered against said judgment debtor in the sum of ninety-one dollars and thirty cents. Execution against the property of the judgment debtor was issued and returned unsatisfied. The judgment debtor was examined in supplementary proceedings, and he testified, among other things, that he was employed by the Blumenberg Dairy Corporation, the defendant in this action, and that his salary was ten dollars per week; in addition he received dairy products for his personal use of the value of six dollars per week, making debtor's

total income sixteen dollars weekly. Based upon this testimony, a garnishee order was served on the defendant herein on the 25th day of June, 1929, directing it to turn over for the plaintiff's benefit the weekly sum of one dollar and sixty cents, ten per cent of the judgment debtor's weekly income. The judgment debtor continued, and still is in the employ of the defendant.

The defendant contends that the judgment debtor's salary is only ten dollars per week, and it is, therefore, not subject to a garnishee execution under section 684 of the Civil Practice Act.

It has been held in *Burns* v. *Maurer* (72 Misc. 481) that " Where an employee in a hotel receives as compensation, $45 a month and his board, the board is part of the earnings." I see no difference between the case cited and the facts in this case. I am quite sure that the defendant did not intend the dairy products of the value of six dollars each week as a mere gift to the judgment debtor. I am rather inclined to think that it was a form of compensation.

Judgment is directed in favor of the plaintiff and against the defendant for ninety-one dollars and thirty cents, with interest from April 8, 1929, together with the costs and disbursements of this action. Five days' stay of execution.