THE B. F. GOODRICH RUBBER COMPANY, Plaintiff, *v.* YELLOW TAXI CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, February 11, 1935.

*Hilbert I. Trachman,* for the plaintiff.

*James A. Doherty,* for the defendant.

GENUNG, J.   It appears from the agreed statement of facts that a judgment was duly recovered by the plaintiff against Morris Fine in the sum of $230.66; that an execution on said judgment against the property of the defendant Morris Fine was duly returned unsatisfied; that thereafter an order directing the issuance of an

execution against the wages of the judgment debtor was duly made and served upon the defendant Yellow Taxi Corporation; that since the service of the garnishee order and execution the judgment debtor has been continuously employed by the defendant as a taxidriver, and that the compensation of the judgment debtor is as follows:

The judgment debtor receives a commission of forty per cent on all moneys received by him for fares in operating the said taxicab each day; that the judgment debtor deducts his commissions from the receipts and pays over the balance to the defendant Yellow Taxi Corporation each day; in other words, the taxidriver deducts forty per cent of the meter reading every night and turns the remaining sixty per cent of the meter reading into the company. From the date of the service of the garnishee execution and order to the date of the commencement of the action there were twelve weeks during which the judgment debtor earned in excess of twelve dollars per week and ten per cent of the earnings of the judgment debtor during those weeks when he earned in excess of twelve dollars per week amounts to twenty-one dollars and eighty-six cents, no part of which has been paid, and for which amount this action was commenced.

The defendant seeks to escape liability for dishonoring the garnishee upon the ground that no money belonging to the judgment debtor has ever come into its possession.

If any doubt existed as to the application of the law (Civ. Prac. Act, § 684), it was removed by the addition of subdivision 7 to that section in 1926, which reads as follows: " The provisions of this section shall apply to a judgment debtor who is employed upon a compensation measured partly or wholly by commissions, percentages or share of profits, or by other sums based upon work done or results produced, whether or not the judgment debtor is given a drawing account; and for the purposes of this section such compensation and any such drawing account shall be deemed to be wages."

It has been said that this section was a " catch all," designed by the Legislature to dispel any doubt as to the liability of an employer of a judgment debtor, when the compensation was measured partly or wholly by commissions, percentages or share of profits, or by other sums based upon the work done or results produced. We are not so inclined to view it. Rather we consider it an attempt by the Legislature to prevent the circumvention of the statute by such devices as are clearly set forth in the foregoing subdivision. It has been said that " earnings " is a more comprehensive term than the word " wages." Its significance is sufficiently extensive to include not only the monthly wages paid a judgment debtor

but also any other pecuniary benefit to him resulting from the contract of employment. (*Kasting Co.* v. *Whittle,* 174 App. Div. 224; Kreidler, Garnishee Executions and Supplementary Proceedings, p. 21.)

There can be no doubt that if the judgment debtor were paid a straight salary or wage, his employer would be bound to honor the execution or suffer the consequences of his failure so to do. Moreover, if in addition to his regular wage or salary, the debtor were paid a commission dependent upon the amount of his sales or, in this case, the amount of his fares, the employer could not avoid liability for failing to withhold ten per cent of the total of such earnings whenever the combined sum was twelve dollars or more per week. And where the income of the judgment debtor consists wholly of commissions advanced to him by his employer, or earned by him as a result of sales made, or, as in this case, of fares received, the employer could omit only at his peril to make deductions specified in the garnishee. It is clear, in this case, that while the compensation received by the judgment debtor is in the nature of commissions, is dependent upon the number of fares transported and the distance those fares are driven, and the amount received is not handed to him by the employer, but is deducted by him and the balance turned over to the defendant, Yellow Taxi Corporation, nevertheless it is wages within the contemplation of subdivision 7 of section 684 of the Civil Practice Act. (*Davidow* v. *John Hancock Mutual Life Ins. Co.,* 231 App. Div. 300.) In that case the insurance company's method of doing business was to assign premium claims to the collector, charge the collector therewith, and allow him to deduct his commissions, and pay over excess. HAGARTY, J., said: " Clearly defendant's method was but one of bookkeeping. Judgment here in favor of defendant would open the door and point an easy way to the evasion of this provision of the law for the enforcement of judgments."

It is urged by the defendant that, if garnishee orders are honored by it, the employees will work only until their earnings amount to twelve dollars per week. They will then refrain from further work within that week. The garnishee is not interested in results. His duty is simply to follow the order of the court. He is the custodian of the property or funds attached. (*Coller* v. *Sheffield Farms Co., Inc.,* 129 Misc. 600.)

The tendency of the courts has been not only to sustain the provision of the statute, but even to give the written word an added force not literally contained therein. (*Laird* v. *Carton,* 196 N. Y. 169; *Brearley School* v. *Ward,* 201 id. 358.)

It follows, therefore, the plaintiff is entitled to recover the sum of twenty-one dollars and eighty-six cents from the defendant and that the Yellow Taxi Corporation is required to honor the garnishee order served on it.

Judgment is granted the plaintiff, with five days' stay to the defendant.