EDGAR H. THOMPSON, Manager, Judgment Creditor, *v.* LEE HOLMES and MABEL HOLMES, Judgment Debtors.

County Court, Delaware County, July 29, 1940.

*Edwin A. Mackey* for the judgment creditor.

*Harold E. Hyzer,* for the judgment debtors.

O'CONNOR, J. This is a motion by the defendants to set aside a garnishee execution served on the Delaware County Farmers Co-operative Association, Inc., hereafter referred to as Creamery Company, to whom the defendants sold the milk produced on a farm occupied by them as tenants. The judgment was rendered in favor of the plaintiff against the defendants for the sum of $119 damages and costs in Justice Court on June 11, 1940. Thereafter execution was issued by the said justice and returned wholly unsatisfied. On June 14, 1940, a garnishee execution was issued by the justice of the peace against the wages, earnings, salary and profits of the defendants under section 300 of the Justice Court Act and served on the Creamery Company. The defendants asked that the garnishee execution be set aside and declared to be null and void:

(1) Because an order was not granted by the justice directing that a garnishee execution issue as provided by section 300 of the Justice Court Act.

(2) That the garnishee execution directs the Creamery Company to satisfy the judgment out of the wages, earnings, salary and profits of the defendants, and that the defendants have no wages, earnings, salary or profits due them from said Creamery Company.

As to the first objection it is conceded by the respondent that no order was made by the justice directing that an execution issue. The remedy granted by this section is a special and somewhat drastic remedy and the judgment creditor should comply fully with the requirements of the statute. It is, therefore, necessary that before the justice can issue the execution he should make an order directing that the execution issue as provided by section 300 of the Justice Court Act.

However, it is not necessary to base the decision as to the validity of the garnishee execution upon that ground. The execution was made out on a printed form which, so far as it is material here, read that there were " wages, debts, earnings, salary, profits " due and owing to the judgment debtors and to become due and owing to them in the amount of twelve dollars and over per week from the Creamery Company and directed the constable to satisfy said judgment out of " wages, debts, earnings, salary, profits " and that he could collect from said " wages, debts, earnings, salary, profits." The garnishee execution which was signed by the justice had the word " debts " crossed out so that in each instance it read " Wages, earnings, salary, profits." The moneys due and to become due to

the defendants from the Creamery Company are not wages, earnings, salary, income from trust funds or profits either due or to become due but are debts.

This identical question was very ably discussed by Mr. Justice McNaught in a proceeding in the Supreme Court on an *ex parte* application for garnishee execution in *Crawford Bros, Inc.*, v. *Sprague*, under date of March 27, 1939 (unreported). In that case the judgment creditors sought to procure an execution against earnings and profits due and to become due from the Creamery Company to the judgment debtors for milk sold and delivered by them to it. In his opinion, Mr. Justice McNaught states: "Under the circumstances here there is no certain debt. No definite sum is payable. The purpose of the statute is to reach earnings or profits. It is those earnings or profits which the judgment creditor seeks to reach in this particular proceeding. There is no certainty and no proof that the sum which may become due to the judgment debtors will include any earnings or profits. It may well be that the expense of production for any definite period of time may exceed the amount received for the product delivered. We are of the opinion the Legislature did not contemplate granting an order for the issuance of a garnishee execution in such a case," and denied the application.

In this case it appears by the affidavit of the defendants that their operating expenses exceed, and for some time to come will exceed, their income. This is not disputed by the plaintiff. We agree with Mr. Justice McNaught that the moneys due the defendants from the Creamery Company for milk sold and delivered by them to it are not wages, earnings, salary or profits and are, therefore, not subject to a garnishee execution. They are, however, debts and if the plaintiff had sought here to garnishee the milk check as being a debt owing by the Creamery Company to the defendants, the garnishee execution would have properly issued. The case of *Coller* v. *Sheffield Farms Co., Inc.* (129 Misc. 600), cited by plaintiff's attorney, makes this very distinction. Judge Dolan states that moneys owing by the defendant corporation to the tenant farmer arising from proceeds of the sale of milk are debts and subject to a garnishee execution but that such moneys do not represent wages, earnings, salary or profits.

We think it advisable to call attention, not only to the attorney for the plaintiff, but also to attorneys in general who seek to obtain an order directing the issuance of a garnishee execution, that the affidavit should contain an allegation either that the deponent knows of his own personal knowledge that there are moneys due and owing to the judgment debtor in the amount of more than

twelve dollars per week or else make the allegation upon information and belief and state the sources of deponent's information and the grounds of his belief. In practically all of these cases the allegation is made that there is due and to become due wages, etc., of more than twelve dollars a week without stating whether the allegation is made from personal knowledge that the deponent has or from information he has received from a third party. It may be that it ought to be assumed that the deponent has personal knowledge that there is due and owing to the judgment debtor more than twelve dollars a week. However, as a matter of fact, very often the deponent has no personal knowledge that this is so and either makes the allegation as a matter of course or by reason of information he has received from a third party. It is perfectly apparent that this practice ought not to be countenanced.

The statute is a salutary one but it has in some instances become the subject of gross abuse. Advantage has been taken of the statute to embarass, harass and in many instances cause the debtors to lose their jobs. Many employers will not continue in their employ a person against whom a garnishee execution has been issued. Frequently the creditor takes advantage of this to enforce the collection of a judgment by threatening to issue a garnishee execution when a garnishee execution would not be granted by the court.

The motion of the defendants to set aside the garnishee execution in this case is granted with ten dollars costs.

An order may be submitted accordingly.