**HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellant,**

v.

**Gladys JONES, Appellee.**

**No. 1672.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 29, 1955.

Decided Oct. 6, 1955.

———◇———

Alvin L. Newmyer, Jr., Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

James H. Heller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We are called upon to decide whether the value of room and meals furnished by an employer to a domestic servant is to be included as part of salary or earnings under our Wage Exemption statute.

Congress has declared exempt from attachment, "The earnings, salary * * * not otherwise exempted, not to exceed $200 each month * * * of any person * * * who provides the principal support of a family * * *." Code 1951, Supp. III, 15–403.

Hollywood Credit issued an attachment against credits of Gladys Jones, directed against her employers, Mr. and Mrs. Sher, as garnishees. The garnishees, as authorized by Code, 15–403(c), asserted in defendant's behalf a claim of exemption. The garnishees stated that defendant, employed by them as a domestic, was paid $35 per week and had during the two months preceding the attachment earned a total of $280; and that she provided the principal support of three of her six children.

After a hearing on the exemption claim, the trial court in a written memorandum ruled that defendant was entitled to the claimed exemption. Plaintiff asks us to reverse that ruling.

At the hearing it was shown, in addition to the matter of dependents, that defendant, Gladys Jones, was employed by the Shers as a domestic and resided in the Shers' home "at the insistence of and for the convenience of her employers." There was no attempt to prove the value of the room and meals furnished by the Shers for the defendant, but it was "suggested" by plaintiff that such were reasonably worth amounts which, added to her salary, would make a total in excess of the statutory exemption.

We rule that the trial court was correct in deciding that defendant was entitled to the protection of the exemption statute.

■ Exemption laws have traditionally and almost universally been given a liberal construction, for reasons which require no great elaboration. Such laws are passed not only for protection of low income families, but also for the protection of the community at large. They are designed to give assurance that the wage earner shall always have enough, beyond the reach of attaching creditors, to support his family and to prevent them from becoming public charges. Thus in doubtful situations, the policy of the law is to resolve the doubt in favor of the exemption. See 35 C.J.S., Exemptions §§ 1, 4; 22 Am.Jur., Exemptions §§ 4, 6.

Appellant says the trial judge improperly relied on the Internal Revenue Code of 1954, § 119, 26 U.S.C.A., which expressly excludes from taxable gross income of an employee the value of meals or lodging furnished by the employer for the convenience of the employer. We do not say that the Internal Revenue law is necessarily decisive of this case; but it is not wrong to say that courts may look to that law as a guide in cases calling for judicial construction. Congress having declared that the value of board and room is not to be considered as income for tax purposes, the courts may reason therefrom that, as a matter of public policy, such items should be treated in the same manner in construing an exemption statute.

Appellant relies on three New York decisions. B. F. Goodrich Rubber Co. v. Yellow Taxi Corp., N. Y. City Municipal Court, 1935, 154 Misc. 440, 277 N.Y.S. 468; Grostein v. Blumenberg Dairy Corp., N. Y. City Municipal Court, 1931, 139 Misc. 548, 249 N.Y.S. 728; Burns v. Maurer, Erie County Court, 1911, 72 Misc. 481, 131 N.Y.S. 344. But we are not persuaded that those decisions should be followed, because they express a rule of construction which is unduly harsh, and not in harmony with the rule to which we have referred. Moreover, later New York decisions seem to have taken a different and more reasonable approach to the question. Carpenter v. Delage, Columbia County Court, 1944, 49 N.Y.

S.2d 702; Orgurchak v. Merrill, App.Term, Supreme Court, 1942, 178 Misc. 872, 36 N.Y.S.2d 29.

We are strengthened in our position by what was said in Clark v. Associated Retail Credit Men, 70 App.D.C. 183, 105 F.2d 62, 64: "* * * if we are in one of the 'open spaces' in the law of this jurisdiction we must fill it as well as we can, with a view to the social interests which seem to be involved and with such aid as we can get from authorities elsewhere and from 'logic, and history, and custom, and utility, and the accepted standards of right conduct.' * * *" The quoted language was used in a case involving a substantive question of damages. We think it is even more applicable in a case like this, where the area of judicial construction is wider and the social interests are more pronounced.

Affirmed.