## In re DOHERTY.

### (District Court, D. Connecticut. December 26, 1904.)

### No. 1,293.

1. BANKRUPTCY—DISCHARGE—CONCEALMENT OF PROPERTY.
   The portion of the monthly salary of a public officer of a state which was earned, but not payable, at the time of his filing a petition in bankruptcy, did not pass to his trustee, and his failure to schedule the same was not, therefore, a concealment of property which defeats his right to a discharge.

2. SAME.
   Specifications of objection to the discharge of a bankrupt on various grounds considered, and *held* not sustained by the evidence.

In Bankruptcy. On petition for discharge.

The following is the report of the special master upon petition for discharge:

I, Henry G. Newton, referee in bankruptcy for the New Haven County District of the District of Connecticut, to whom the petition for discharge in the above-entitled case was referred as special master, do hereby certify: That the above-named John B. Doherty, of Waterbury, Connecticut, was duly adjudicated a bankrupt herein on May 25, 1904. That on September 9, 1904, the petition of the bankrupt for a discharge from all his debts in bankruptcy was

duly filed with the clerk of said court, and was duly referred to me by said court for further proceedings. That on September 13, 1904, I fixed the 23d day of September, 1904, at 3 p. m., at my office, room 7, No. 818 Chapel street, New Haven, Connecticut, as the time and place for a hearing on said petition for discharge, for examining the bankrupt, and for showing cause, if any, why such discharge should not be granted; and on September 13, 1904, I gave due notice thereof to all creditors whose names appear upon the schedules of the bankrupt, to all attorneys who appear in the case, and to all persons interested, by mailing and publishing, as appears by my certificate with copy of notice hereto annexed. F. O. Peabody, by N. R. Bronson, Esq., his attorney, appeared in opposition to the discharge, and filed the annexed specifications; and in reference thereto the special master finds the following facts: At and before the time of his bankruptcy, bankrupt was superintendent of the public employment bureau in Waterbury, receiving from the state of Connecticut a salary of $1,200 per year. He was receiving some compensation, but not a large amount, as deputy sheriff. He kept a bank account in the name of John B. Doherty, agent, in which he deposited the salary received from the state and any other moneys received by him, and from which he paid the expenses of said public employment bureau and his own personal expenses. He had no other account book, and, being without property or income other than as aforesaid, had no occasion for any. Said check book is not mentioned in bankrupt's schedules, and was not delivered to the trustee until upon motion of Mr. Bronson on a hearing before the master it was produced, and placed by the master in charge of the trustee in bankruptcy. At the time of the adjudication a check for about $17, which had been given by bankrupt, signed with his own name as agent, in payment of an expense of said employment bureau, had not been presented; so that there actually remained in the bank a balance of $16.79. If the check had been presented, it would have drawn the whole balance, and some few cents over. I do not find that bankrupt concealed the book with intent to conceal his true financial condition, or that he destroyed or failed to keep any accounts or records which might have shown his condition, and therefore find and report that reasons 1 and 2 of said specifications are not sustained. Reason 3 of the specifications refers to the $16.79 balance in the bank in Waterbury. In my opinion, this $16.79 is the property of the estate; but I do not find that it was transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed, or concealed, with intent to hinder, delay, or defraud bankrupt's creditors, and therefore find the third reason of said specifications not sustained. The specifications under the fourth reason—of his having made a false oath—are insufficient, because it does not allege that it was done knowingly or fraudulently. The facts as to 4 A and B are those above set forth. As to 4 C, the schedules were filed on May 24, 1904. His salary as superintendent of the employment bureau was paid monthly, and he had not received the salary for the first 23 days of May, and could not receive it until the first of June. In my opinion, the salary of a public officer of the state of Connecticut does not pass to a trustee in bankruptcy. As I understand it, the United States hold that, in order that its officers may properly perform their duties, if necessary, their salaries shall be exempt from attachment and execution; and I think the same rule should apply to an officer of the state. It is not a chose in action for which a suit could be brought. If an attempt were made to take it by foreign attachment, no scire facias could be brought against the state; and, in my opinion, it does not pass to the trustee. Also, as a matter of fact, I do not find that the failure to include it in the schedules or transfer it to the trustee was with fraudulent intent; and therefore find and report said reason 4 not sustained. Reason 5 A, B, and C is insufficient because the acts are not alleged to have been done knowingly and fraudulently, and upon the evidence I do not find that they were done fraudulently, and therefore find them not sustained. In the hearing upon the specifications it was agreed that the evidence taken in the examination at the first meeting should be considered as before the master upon the petition for discharge. Counsel for creditor offered no further evidence. Counsel for bankrupt thereupon called the bankrupt as a witness, who, in answer to questions by his counsel, stated that he had con-

tracted bills for living and other expenses in excess of the $100 due him from the state, and upon cross-examination he testified that he had borrowed $75 from his wife in order to pay his attorney in the bankruptcy proceedings; that he paid the $75 to Messrs. Kennedy & Cassidy, his attorneys, with his (bankrupt's) wife's check; and that, after receiving his salary in June, he returned it to her in cash. Counsel for creditor thereupon requested the master to issue a subpœna to bring the bankrupt's wife before him, in order that she might be inquired of as to the truth of the statement. Counsel for bankrupt objected, and the master declined to issue the subpœna, not considering the fact to be material, or of sufficient importance to require the testimony of a wife against her husband, even if she could legally be compelled to testify. That the bankrupt has in all things conformed to the requirements of said act. That, so far as appears from the papers now on file before me, and the proceedings had before me show, he has committed none of the offenses and done none of the acts mentioned in subdivision "b" of section 14 of said act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) as preventing a discharge. And that, in my opinion, the bankrupt is entitled to a discharge from his debts in bankruptcy.

Dated at New Haven, Conn., this 22d day of December, 1904.

Henry G. Newton,
Referee in Bankruptcy and Special Master.

Wm. H. Ely and William Kennedy, for bankrupt.
N. R. Bronson, for opposing creditor.

PLATT, District Judge. Responding, as best I could, to the insistence of counsel for the objecting creditor, I have examined this case with exceeding care, even going so far as to request the referee to furnish the data from which he prepared his evidential facts. I cannot discover that he has omitted anything which would constrain the mind to reach any legal conclusions not warranted by the facts which he has found, and upon which he bases his report. I am in substantial accord with him upon the conclusions of law. I am inclined to disagree with him in his opinion that the $16.79 remaining in the Waterbury bank in bankrupt's name as agent at the time he filed his petition is the property of the estate, but such a view strengthens the argument in favor of the bankrupt's discharge. The referee's action in refusing to issue a subpœna to bring in the bankrupt's wife was a proper exercise of his discretion. Her testimony could not, in any way, have thrown light upon material matters.

The report of the referee is accepted, and the bankrupt is discharged.