---

(118 App. Div. 215)

### HERTS BROS. v. TIFFANY et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

TRUSTS—ACTION BY CREDITOR OF CESTUI QUE TRUST—PLEADING—ANSWER.

A complaint showed that one of defendants was trustee under a will, whereby testator gave property to the trustee to invest and collect the income, and to apply such part of the same as, in his discretion, he should from time to time deem proper to the use of a certain legatee, during his life; that pursuant to the provisions of the will the trustee had fixed on $18,000 a year as a proper amount, which was being paid to the legatee annually. It was alleged that such sum exceeded the sum necessary for the legatee's proper support; that $3,000 was sufficient therefor, and that the remainder of the annual income of $18,000 was surplus, applicable to the payment of a judgment held by plaintiffs against the legatee for necessaries furnished with the consent of the trustee. A paragraph of the answer alleged that the trustee had fixed on $18,000 as a proper sum, and had turned over the balance to the persons entitled thereto. Held, that such paragraph did not constitute a defense, as it did not allege that the whole $18,000 had been paid to the legatee as fast as it accumulated, and that no part thereof remained in the trustee's possession.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Herts Bros. against Louis G. Tiffany and others. From a judgment sustaining plaintiff's demurrer to a separate defense contained in the answer, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Arthur F. Gottholdt, for appellants.
L. M. Berkeley, for respondent.

LAMBERT, J. The complaint in this action alleges the recovery of a judgment by plaintiff against Burnett Y. Tiffany, for necessaries furnished by it with the consent of defendants' trustees, and the return of execution unsatisfied; the bankruptcy of Burnett Y. Tiffany, and the appointment of the defendant Hosmer as trustee; the death of Charles L. Tiffany, the probating of his will, and the appointment

and qualification of defendants as trustees thereunder; the giving by said will to said trustees of certain property, the income from which was to be applied in their discretion to the use of Burnett Y. Tiffany, and that they have been and now are paying the latter $18,000 annually, the amount fixed by them in their discretion as proper for his support; that such sum exceeds the amount necessary for Burnett Y. Tiffany's proper support, and that the sum of $3,000 is sufficient therefor, and "the remainder of the said annual income of $18,000 is surplus income, properly applicable to the payment of the debts of the defendant Burnett Y. Tiffany; that there has already accrued of said surplus income a large amount of money remaining in the trustees' hands, and not paid over to Burnett Y. Tiffany;" and that the trustees have received and now retain moneys in trust for the use of Burnett Y. Tiffany, applicable to the payment of his debts. The relief asked is (1) for an accounting by the trustees of moneys received, in which Burnett Y. Tiffany has an interest; (2) that such portion of the $18,000 in excess of the amount determined by the court to be necessary for his support, be applied to the payment of plaintiff's judgment; (3) that the trustees be enjoined from paying over such excess; (4) that a receiver be appointed; and (5) for further relief.

The "first and separate defense" of the answer here demurred to sets forth the death of Charles L. Tiffany leaving a will, which is annexed to and made a part of the allegation, the probate of the same, and the appointment and qualification of defendants as trustees; that pursuant to said will and codicil, in the exercise of their discretion the trustees fixed upon the sum of $18,000 as the proper amount to be paid Burnett Y. Tiffany annually, and the payment of the balance of the income of the trust property, to certain other persons according to the directions of the will and codicil. The will and codicil referred to gives the trustees discretion to pay to Burnett Y. Tiffany such portion of the income as they deem necessary for his proper support. The judgment creditor seeks to reach a surplus income in excess of the amount necessary for the support of Burnett Y. Tiffany. If the latter, under the will and codicil, was to receive the whole income of the trust estate, there is no question but that plaintiff's judgment could be satisfied out of such surplus, were any shown to exist. Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 616; 1 N. E. 251. Following the reasoning adopted in Matter of Hoyt (decided by this department in November, 1906), 101 N. Y. S. 557, it is evident that the income from the trust estate came into the hands of the trustees for the benefit of Burnett Y. Tiffany primarily, and could be transferred to him, if, in the opinion of the trustees, the entire income was necessary for his proper maintenance. If, however, they deemed that a portion only should be used for this purpose, his right to the excess over such portion, was liable to be divested, and the amount remaining to be paid to certain other persons. Here we have an allegation that there are certain moneys in the trustees' hands belonging to Burnett Y. Tiffany, and not necessary for his support, out of which a judgment for necessaries, furnished him with the knowledge and consent of the trustees should be satisfied. The facts alleged state, in my opinion, a good cause of action.

The defense demurred to, that the trustees have fixed upon a cer-

tain sum as the proper amount to be paid Tiffany, and have turned over the balance to the persons entitled thereto, appears to me to constitute no defense to such a cause of action. The defense does not allege that the whole $18,000 has been paid Tiffany as fast as it accumulated, and that no part thereof remains in their possession, which would disclose a complete disposition of the trust income; nor can such an allegation be read into the portion of the complaint which shows that the trustees have been, and now are, paying Tiffany this amount. On the contrary, the latter allegation implies that the income is gradually accumulated, and affirmatively shows its disposition at intervals. A portion of whatever income, if any, shown to be held by the trustees may or may not be surplus, and is a matter to be determined upon the trial of the action.

For these reasons the interlocutory judgment sustaining the demurrer should be affirmed, with costs, with leave to the defendants to amend their answer within 20 days. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. I think this judgment should be reversed. The complaint alleges that on or about February 18, 1902, one Charles F. Tiffany died, leaving a last will and testament which was duly admitted to probate by the surrogate of New York county; that in and by said will the defendants were appointed executors of, and trustees under, the said will, and letters testamentary were issued to them; that in and by said will a large amount of property was given to said executors and trustees in trust, to invest the same and to collect the income thereof, and to apply such part of the same as in their discretion they should from time to time deem proper to the use of the defendant Burnett Y. Tiffany for and during his natural life; that pursuant to said provisions of said will, the said executors and trustees have heretofore fixed the sum of $18,000 a year, or $1,500, a month, as the proper amount to be paid to the defendant Burnett Y. Tiffany, and for a long time they have been paying him, and are now paying him, the sum of $1,500 a month in equal quarterly payments every month.

The defense demurred to alleges the death of Charles L. Tiffany, the making of his will and codicil thereto, copies of which are annexed to the answer as a part of the defense. It is then alleged that the defendants, in the exercise of their discretion, fixed upon the sum of $18,000 per annum, payable in equal monthly installments of $1,500 as a proper amount at that time to pay to the said Burnett Y. Tiffany; that, pursuant to the directions of the testator in said will and codicil contained, these defendants have from time to time paid the balance of the income from the property held in trust, as directed by said will and codicil, to Annie O. Mitchell and Louis G. Tiffany, the persons named therein. It appears from the codicil to the will that the testator gave to his executors in trust certain property to invest the same and to collect the net income thereof, and to apply such part of the same as in their discretion "they shall from time to time deem fit and proper, which discretion shall not be in any manner interfered with by any court, to the use of my son Burnett for and during his natural life, and to

apply the balance of said net income during the life of my son Burnett to the use of my son Louis G. Tiffany and my daughter Annie O. Mitchell," with a bequest over, and with the following clause:

"And in my opinion which however is not to control the discretion of my executors, unless a radical change shall take place in his life and habits the sum of three thousand ($3,000) dollars per annum payable in monthly installments will be an ample amount for his proper support and maintenance."

The complaint did not set out a copy of the will, but only an abstract of its contents. The defendants, by this separate defense, set forth the will and codicil in full, and if, from the provisions of the will and codicil, it appears that this action cannot be sustained, then, the defense is good. The will does not authorize the trustees to determine that a specific amount of income should be payable to Burnett Y. Tiffany which amount would then become payable to him, but directs them to apply such part of the income as, in their discretion they shall, from time to time, deem fit and proper, which discretion shall not in any manner be interfered with by any court, with a provision that the balance of the income from the trust fund which should not be applied by the trustees to the use of his son Burnett should be paid to another son and a daughter. It seems to me that the effect of this provision is that all the income from the trust estate, not actually applied by the trustees to the use of Burnett, becomes at once property of his other son and daughter, and that the trustees are bound to pay to them such unapplied income. The testator considered that the sum of $3,000 per annum would be sufficient for the proper support and maintenance of his son, but this was advisory merely, and this provision was not to control the discretion of the trustees; but it seems to me that there could be no accumulation of income to which either the son Burnett or his creditors would be entitled under this clause of the will. If the trustees failed to apply any portion of the income, whether they had determined that a certain amount of income should be paid to Burnett or not, the amount that they failed to apply for his support and maintenance became at once the property of his brother and sister, and neither Burnett nor his creditors could compel the trustees to pay it to him or them. This trust property and the income is not, and never was, the property of Burnett Y. Tiffany, and neither to the principal nor the income has he acquired any right or title. There was nothing, therefore, that his creditors could reach by a creditor's bill. The testator had a right to do what he pleased with his own property. He had a right to limit the interest of a legatee or beneficiary in the property, and, having such absolute power of disposition, he left property in trust, with a discretion to his trustees to apply a portion of the income to the support of his son, and that the balance of the income of the trust property not so applied should be paid to the others named. The persons who were entitled to the balance of the income acquired a vested right in the income not used for the support and maintenance of the son, and the court cannot, as I view it, interfere with their vested right to such income in favor of either the son or his creditors.

I think, therefore, that this was a good defense to the action, and that the demurrer to it should be overruled.