RAE K. DAVIDOW, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Second Department, December 29, 1930.

*Harry A. Davidow,* for the plaintiff.

*George W. Riley,* for the defendant.

HAGARTY, J. In the month of April, 1927, plaintiff, having a judgment of $256 against one Louis Liebeskind, caused the sheriff

of Kings county to present to a proper official of defendant insurance company an execution against wages, earnings or salary of the said Liebeskind. The latter was then, and is now, connected with the defendant as a collector of weekly life insurance premiums. The execution was not honored by the defendant company, which claimed that for legal reasons the financial relationship between itself and Liebeskind was and is such that it never became " indebted " to Liebeskind under the provisions of the Civil Practice Act respecting a garnishee execution.

Before the relations between Liebeskind and the defendant were established, defendant evolved a method of handling the accounts of its collectors of premiums in a manner which it deemed best for its own purposes from the standpoint of simplicity and which would insure a maximum amount of collections. Under this system, each week it assigned to its collectors, including Liebeskind, claims for premiums due and owing upon a certain number of policies for the purpose of having such sums collected, and the defendant, on its books, immediately debited the account of such agents for the amount of premiums assigned to them. Liebeskind, in accordance with this usage, on collecting premiums, first deducted his commissions, and thereafter turned over to the defendant all the excess. A fidelity bond furnished by the collector insured the company against shortage or peculations of the share of moneys due it. The company collects each week large sums of small weekly premiums, and its position here is that sound business methods justified this policy. In its opinion — and its good faith is not questioned here — this policy was superior to the employment of its collectors on a straight salary basis, and experience justified it. It is conceded that the defendant's system was not instituted for the purpose of defeating the operation of the garnishee execution, but had been in practice for a number of years prior to the service of the execution upon it. The only question before the court is whether this practice of the defendant absolves it from liability under the provisions of the statute.

Plaintiff's contention is that even though the assignment had been made and delivered and the agent had the paper title thereto, the equitable title remained in the defendant, as the paper assignment was only for the convenience of the defendant; that the assignment did not actually give him title; that he was but the agent of the defendant collecting the moneys and remitting the proceeds thereof as such agent. Plaintiff claims that this arrangement was a matter of bookkeeping only and that the agent was still an employee of the defendant and received commissions as earnings. The further argument is that the collector, as defendant's agent,

turned over to himself the commissions and earnings and paid the balance to the defendant.

Defendant's contention is that since it had nothing belonging to the judgment debtor in its hands to pay over, and since it owed him nothing, the execution could not become a lien, and there was no percentage of indebtedness to pay to the officer presenting the execution.

Section 684 of the Civil Practice Act provides that there must be something in the employer's hands that is " due and owing " to the judgment debtor, or which shall thereafter " become due and owing " to him. There is also the inclusion in subdivision 2 of the employer's being " indebted " or " becoming indebted to " the employee. So the fundamental idea is that the " indebtedness " is a *sine qua non* of liability on the employer's part.

The most recent addition to section 684 (*supra*) is subdivision 7, which was added by the Laws of 1926, chapter 618, and which reads as follows:

" 7. The provisions of this section shall apply to a judgment debtor who is employed upon a compensation measured partly or wholly by commissions, percentages or share of profits or by other sums based upon work done or results produced, whether or not the judgment debtor is given a drawing account; and for the purposes of this section such compensation and any such drawing account shall be deemed to be wages."

My conclusion is that Liebeskind was employed upon a compensation measured by commissions, within the meaning of subdivision 7 of section 684 of the Civil Practice Act. The addition of this last subdivision was evidently intended as a " catch-all." Clearly defendant's method was but one of bookkeeping. Judgment here in favor of defendant would open the door and point an easy way to the evasion of this provision of the law for the enforcement of judgments.

Judgment should be awarded to plaintiff for the sum of $256, with costs.

KAPPER, SCUDDER and TOMPKINS, JJ., concur; LAZANSKY, P. J., concurs in result.

Upon agreed statement of facts, judgment awarded to plaintiff for the sum of $256, with costs.