FRANKLIN SIMON & Co., Respondent, v. PEASE & ELLIMAN, INC., Appellant.

First Department, June 20, 1933.

*Frank C. Laughlin* of counsel [*Joseph W. Kirkpatrick* with him on the brief; *Laughlin, Gerard, Bowers & Halpin*, attorneys], for the appellant.

*Bernard I. Kamen* of counsel [*Sol S. Ostertag* with him on the brief; *Kamen & Ostertag*, attorneys], for the respondent.

TOWNLEY, J. This is an action on a garnishee execution in favor of plaintiff levied on defendant against the earnings and

drawing account of one Erath. The levy was made on June 29, 1931. Defendant denied that it was indebted to the judgment debtor in any amount.

Erath was in defendant's employ under a written contract which provided for a drawing account. At the time of the levy, Erath was many thousands of dollars overdrawn. After the levy and prior to the date when Erath left defendant's employ, defendant made further advances of some $1,860. In that period Erath earned as commissions only $13.90. On the termination of Erath's employment, the total advances received by him over and above the commissions he had earned amounted to $10,817.05, and Erath delivered to defendant his promissory note payable on demand for the above amount. No part of the note has ever been paid.

The contract between the defendant and Erath provided in part as follows: " That the party of the first part will allow the party of the second part a drawing account of seventy-five (75.00) Dollars per week, payable weekly, as an advance or loan to him against commissions to be earned and not as a salary or compensation under this agreement, out of which the party of the second part shall pay all his expenses, and said drawing account is to be paid back to the party of the first part out of such commissions when earned in accordance with ' Schedule A' of this agreement; except that if any portion of the advances to the party of the second part under said drawing account shall not have been repaid at the termination of this agreement, then said drawing account or portion thereof so remaining unpaid shall forthwith become immediately due and payable, and at the request of the party of the first part the party of the second part will execute and deliver to the party of the first part his promissory note payable on demand for the amount so remaining unpaid. It is further agreed that the compensation of the party of the second part as herein provided for shall not become due and payable to him, and that no payments hereunder shall be made to him (except the drawing account as above provided for) until the amount of the compensation earned by him under this agreement shall be sufficient to reimburse the party of the first part for the total amount of the drawing account already advanced him and not paid back."

The plaintiff is proceeding under subdivisions 3 and 7 of section 684 of the Civil Practice Act, which provides for the garnishment of drawing accounts. The question of law presented is whether the phrase " drawing account " is limited to drawing accounts advanced as wages or whether it is to be interpreted to include all drawing accounts whether or not the judgment debtor is obligated

by specific agreement to repay the excess advanced over commissions earned. The plain meaning of section 684 of the Civil Practice Act is that there must be something in the employer's hands that is due and owing to the judgment debtor or which shall thereafter become due and owing. (*Davidow* v. *John Hancock Mutual Life Ins. Co.*, 231 App. Div. 300.) The test whether money is due under a drawing account and hence whether a drawing account will be treated as wages depends upon a construction of the particular contract in force between the defendant and the debtor. Undoubtedly, the employer and the employed may contract as they have in this case to repay sums advanced in excess of commissions. If, however, the parties merely charge overpayments against possible future commissions, and there is no agreement to return the excess advanced, the contract is to be construed as a contract for the payment of wages in advance. (*Laird* v. *Carton*, 196 N. Y. 169.)

It is difficult to see how there could have been a clearer agreement to repay money than under the contract above quoted. In addition to that, the parties by their conduct have by practical construction shown that it was the intention of the debtor to repay excess drawings. To permit the garnishment of the advances made in the present case would be equivalent to satisfying the claims of third persons out of loans or advances made to a debtor for the purposes of one's own business. The loans and advances here made are not attacked on the ground of any fraudulent effort to circumvent the statute. We, therefore, hold that under the contract in suit, defendant was not indebted to the debtor at any time after the levy of the garnishee execution.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court dismissing the complaint should be affirmed, with costs in this court and in the Appellate Term.

FINCH, P. J., MERRELL and MARTIN, JJ., concur; McAVOY, J., taking no part.

Determination reversed and judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.