In the Matter of Supplementary Proceedings: MAX KAPLAN, Doing Business under the Firm Name and Style of KAPLAN'S VALET SERVICE, 118 PROSPECT AVENUE, MOUNT VERNON, N. Y., Judgment Creditor, Respondent, *v.* HERMINE C. PEYSER, Sued Herein as HERMINE PEYSER, Judgment Debtor, Appellant, and WILLIAM PEYSER, Judgment Debtor.

Second Department, June 12, 1936.

Chauncey E. Treadwell [Guy Hughes Riegel, appearing specially, with him on the brief], for the appellant.

David Rubin, for the respondent.

DAVIS, J. The plaintiff obtained a judgment against Hermine Peyser and her husband in the City Court of Mount Vernon for $110.97. It was unpaid and unsatisfied, so these proceedings were instituted to obtain payment under the provisions of section 793 of the Civil Practice Act (added by Laws of 1935, chap. 630, in effect September 1, 1935). The City Court granted the motion and directed judgment debtor Hermine to pay twenty-five dollars a month until the judgment and interest were paid.

There is practically no dispute in the facts. Mrs. Peyser is, and has been for a considerable number of years, the beneficiary of two trusts. The income therefrom in 1935 was about $8,000. It was formerly larger. Notwithstanding this considerable income, Mrs. Peyser contracted obligations, apparently obtaining credit from small tradesmen, which she did not pay or apparently attempt to pay, and judgments were taken against her. Under the provisions of section 684 of the Civil Practice Act, some of these judgments are in consecutive order undergoing, by garnishee executions, the slow process of liquidation, at least in part. The outlook is not hopeful or encouraging for the creditors whose judgments are of more recent date.

The provisions of section 793 are in brief that the court may order a judgment debtor to pay in installments to the judgment creditor, to apply on the judgment, such portion of his income, "however or whenever earned or acquired," after due regard for the reasonable requirements of the judgment debtor and his family if dependent upon him, as well as any other payments required to be made under sections 684 and 685 (relating to garnishee executions) or prior order of the court under section 793.

The only question raised on this appeal is the validity and force of section 793. It is argued that as there is statutory inhibition of assignment of the trust income (Real Prop. Law, § 103; Pers. Prop. Law, § 15), such income cannot be reached by a creditor by legal process; and also under section 792 of the Civil Practice Act (added by Laws of 1935, chap. 630) it is provided that the article relating to supplementary proceedings does not authorize the seizure of, or other interference with, property held in trust.

Of course there is here no interference with property held in trust. The order relates solely to the income of such property when it becomes payable to the beneficiary. It has long been the law that any part of such income not necessary for the support of the beneficiary and his dependents was applicable to the payment of his debts. All trusts in this State are regulated by statute. (Real Prop. Law, art. 4; Pers. Prop. Law, art. 2.) This is an express trust (Real Prop. Law, § 96). Long ago in section 98 of the Real Property Law it was provided that the surplus of the income of such trusts should be liable to the claims of creditors in the same manner as other personal property which could not be reached by execution. The rule was applicable to trusts of personal property. (*Williams* v. *Thorn,* 70 N. Y. 270; *Wetmore* v. *Wetmore,* 149 id. 520.)

The remedy of the judgment creditor in obtaining the surplus to be applied on the judgment was by a suit in equity in the nature of a judgment creditor's action. All that was necessary was to make sufficient proof that the provision for the judgment debtor was larger than the object of the trust required. (*Bramhall* v. *Ferris,* 14 N. Y. 41, 47; *Tolles* v. *Wood,* 99 id. 617; *Zinke* v. *Hipkins,* 233 id. 516; *Herts Brothers* v. *Tiffany,* 118 App. Div. 215.) The remedy was open to a wife having judgment for alimony. (*Wetmore* v. *Wetmore, supra.*) The purpose of the statute, as interpreted by the decisions, is clearly that a beneficiary of such a trust may not have complete immunity in contracting debts with those who rely on his apparent condition of substantial resources and prosperity in extending credit.

The new section under consideration makes no change in principle. It furnishes a simple and somewhat summary remedy in place of

the more cumbersome one of a suit in equity. The test to be applied in directing payment is the same. The change is one of procedure and nothing more. There is no vested right to persons in statutory enactments. (*Brearley School* v. *Ward*, 201 N. Y. 358.) The Legislature has taken note of the tendency of trust beneficiaries to avoid payment of just debts. Earlier it exercised its power in respect to the income of such trust by the enactment of section 1391 of the Code of Civil Procedure, now somewhat changed in section 684 of the Civil Practice Act, in providing that such income might be reached by garnishee executions. That remedy was valid. (*Hamilton* v. *Drogo*, 241 N. Y. 401; *Matter of Sand* v. *Beach*, 270 id. 281.) It follows that this further remedy is likewise valid.

We have here what is commonly known as a " spendthrift trust," recently defined in Restatement of the Law of Trusts, American Law Institute, section 152. Such trusts are of ancient origin, and often therein provisions were made for the support of wastrels who had no capacity for the care of property nor sense of financial obligation. The policy of the law did not go further than to allow the proper support of the beneficiary, where he incurred debts recklessly; and it never granted to him complete immunity from payment. In such a case the important question is the amount necessary for the reasonable requirements of the beneficiary and his dependents.

Therefore, it may be well to discuss briefly the procedure under this new section. The question as to the sum reasonably required for the support of the beneficiary and his dependents is one of fact. (*Sadowsky* v. *Sadowsky*, 241 App. Div. 157; *National City Bank of New York* v. *Clarke*, 246 id. 636.) Testimony of witnesses is necessary where there is dispute as to such reasonable sum. No injustice is likely to occur when the facts are found and reviewed. In this case there was little dispute in the affidavits, and the judgment debtor did not ask that proof be taken. Under these circumstances, in view of the small judgment and the small installments required to be paid, we accept the record as it stands and do not remit for proof.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL, ADEL and TAYLOR, JJ., concur.

Order of the City Court of Mount Vernon affirmed, with ten dollars costs and disbursements.