In the Matter of Supplementary Proceedings: HARRY N. REEVES, Judgment Creditor, *v.* CHARLES A. CROWNSHIELD and Another, Judgment Debtors.

City Court of New York, New York County, December 11, 1936.

*Clarke & Reilly,* for the judgment creditor.

*Dwyer & Redfield,* for the judgment debtor.

NOONAN, J. This is a motion to punish the judgment debtor for contempt for failure to pay the installment of twenty dollars a month in satisfaction of the judgment, directed to be paid by an order entered October 9, 1936, on a motion made pursuant to section 793 of the Civil Practice Act.

Judgment was entered in the Municipal Court, borough of Manhattan, against the judgment debtor on August 30, 1934, in the sum of $402.80, no part of which has been paid. The examination of the judgment debtor in supplementary proceedings disclosed that he is employed by the Federal government as a steamship inspector at a salary of $230 a month, less a small pension deduction. He has no children and the whereabouts of his wife are unknown. Outside of forty-eight dollars a month for rental of an apartment where he resides and his living expenses, there are no other financial obligations.

Two contentions were presented by the judgment debtor in opposition to the original motion, one, that the court had no power to make the order directing payments, since such a mandate would interfere with the efficiency of an employee in the Department of Commerce of the Federal government in the performance of his duties and was, therefore, an unconstitutional infringement of the powers of a Federal instrumentality, and the other objection is that section 793 of the Civil Practice Act is invalid and unenforcible because it may result in imprisonment for debt, and is for that reason a violation of the Fourteenth Amendment to the Constitution of the United States, and also of article 1, sections 5 and 6, of the Constitution of the State of New York.

As to the first objection, the power of the court vested in it by section 793 of the Civil Practice Act is upheld on the authority of the cases of *Bool Floral Co., Inc.,* v. *Coyne* (158 Misc. 13) and *Kaplan* v. *Peyser* (247 App. Div. 660). In other words, the income of the judgment debtor which is directed to be paid in

part towards the liquidation of the judgment is only affected after it comes into the hands of the judgment debtor. In such circumstances, it is no different than income from other sources of earning power. The remaining objection, based upon the claimed unconstitutionality of section 793, has been overruled inferentially by decisions in both departments of the Appellate Division. In appeals to both departments from orders made under the section, the power of the court to make the order has not been questioned by the appellate court. (*Ridder* v. *Ridder*, 246 App. Div. 577 [First Dept.], and *National City Bank* v. *Clarke*, Id. 636; *Williamson* v. *Drogaris*, 248 id. 627, and *Kaplan* v. *Peyser*, *supra* [Second Dept.].)

At no time has the judgment debtor shown that he is not financially able from his income to make the payment of twenty dollars a month directed by the order. He is now in default as he did not make the first payment of twenty dollars directed to be paid on October 26, 1936. He is, therefore, adjudged guilty of a contempt and is fined the sum of twenty dollars, which fine is to be paid on or before December 28, 1936. In default of payment, commitment may issue. Submit order.