PRESIDENT AND DIRECTORS OF THE MANHATTAN Co., Plaintiff, *v.*
WASHINGTON HABERDASHERIES, INC., Defendant.

City Court of New York, Special Term, New York County, May 19, 1937.

*Beals & Nicholson,* for the plaintiff.

*Kaplan & Kosman,* for the defendant.

WENDEL, J. The action is on a garnishee execution in favor of the plaintiff levied on defendant against the earnings of its employees Jason Rosenberg and Joseph D. Rosenberg. The executions were served on October 9, 1931. This action is brought to recover the installments due for seventy-three weeks, commencing with the week ending June 25, 1935, and ending November 10, 1936. The debtor employees of defendant are employed by it under a written contract whereby each is to be paid two per cent of the gross sales of the store managed by him. The contract contains the following provisions:

" That the party of the first part will allow the party of the second part a drawing account of $80.00 per week, payable weekly, as an advance or loan to compensate him against commissions to be earned and not as a salary or compensation under this agreement. That the said drawing account was to be paid back to the party of the first part out of such commissions when earned by the party of the second part. That if any portion of the advances to the party of the second part under said drawing account shall not have been repaid at the termination of this agreement, then said drawing

account or portion thereof so remaining unpaid shall forthwith become immediately due and payable, and the party of the second part hereby agrees to execute and deliver to the party of the first part, if requested, his promissory note payable on demand for the amount so remaining unpaid. It is further agreed that the compensation of the party of the second part as herein provided for shall not become due and payable to him, and that no payment hereunder shall be made to him until the amount of compensation earned by him under this agreement shall be sufficient to reimburse the party of the first part for the total amount of the drawing account already advanced him and not paid back."

It was stipulated that the gross sales during the period here involved were $111,194.05 in the store managed by Jason Rosenberg and $166,622.49 in the store managed by Joseph D. Rosenberg. Thus the actual earnings of Jason Rosenberg were $2,223.91 and of Joseph D. Rosenberg $2,332.45. Plaintiff claims it is entitled to ten per cent of these sums, to wit, $455.63. Defendant advanced to said employees during such period the sum of $9,782 to Jason Rosenberg and $4,891 to Joseph D. Rosenberg.

Defendant claims that under the contracts between it and its said employees no moneys were due or paid to them as earnings during the times in suit. That the only moneys paid to said employees were the moneys loaned or advanced to them by it. A literal reading of the contract provisions respecting advances may permit such interpretation. The entire contract, however, clearly shows that the advances or loans were made against commissions to be earned and that the only part of such advances that the employees were obligated to repay was that in excess of the commissions actually earned. The provision that the compensation of the employees shall not become due and payable until the amount thereof shall be sufficient to reimburse the employer for the total amount of the drawing account already advanced plainly refers to such part of the earnings as are in excess of the advances made against commissions. It is clear, therefore, that to the extent of the commissions actually earned such payments constituted earnings due and paid to the employees and the creditor is entitled to the application of ten per cent on its garnishee executions.

Nor is the agreement to repay the excess of moneys loaned over actual earnings an assignment. Even though it be held effective as an assignment, it would be applicable only to such part of the earnings as are in excess of the moneys required to be advanced as drawing account.

The case of *Franklin Simon & Co.* v. *Pease & Elliman, Inc.*, (238 App. Div. 614), relied on by defendant, is no authority to the contrary. The holding in such case is merely to the effect that loans

and advances made under an employment contract similar to this, so far as said advances exceed moneys actually earned, do not constitute earnings subject to garnishment.

Motion is granted. Settle order on notice providing for five days' stay of execution.