In the Matter of Supplementary Proceedings: GRACE KELLS, Judgment Creditor, *v.* DAYTON STUPPLEBEEN and EMMA HANER, Judgment Debtors.

County Court, Columbia County, December 10, 1938.

*Abram Miner,* for judgment creditor.

*Albert A. Rapport,* for judgment debtors.

INMAN, J. An order was made in the above-entitled proceeding October 13, 1938, requiring Dayton Stupplebeen to pay fifteen dollars per month upon a judgment and denying the application of the judgment creditor to require Emma Haner to make payments thereon. Stupplebeen was required to make his first payment on November 1, 1938. Thereafter a motion to modify on reargument was denied. A motion is now made to punish Stupplebeen for contempt for failure to pay the November first installment. Stupplebeen, by cross-motion, has again moved to modify the order.

Section 793 of the Civil Practice Act provides that the court may require a judgment debtor to pay portions of his income in installments to a judgment creditor, after due regard for the reasonable requirements of the debtor and his dependents, outstanding garnishee executions and prior orders under this section. Where it appears that the judgment debtor is rendering services to or is employed by a relative or other person at compensation so inadequate as to satisfy the court that the compensation is merely colorable and is designed to defraud or impede creditors of the debtor, the court may direct the debtor to make payments on account of the judgment in installments based upon a reasonable value of the services rendered by the debtor under said employment or upon the debtor's earning ability.

Stupplebeen is under order to pay fifty-two dollars per month for the support of his former wife and the children of his first marriage. Application to reduce this monthly payment is pending undetermined in the Supreme Court. Since 1935 he has been employed upon a dairy farm owned by his second wife and his father-in-law, the husband of Mrs. Haner. He at first received wages of seventy dollars per month in addition to the use of a house and some food stuffs. This compensation was reduced to fifty dollars per month, and it appeared at the time the original application was made that even this wage was not being paid. The gross income from sale of milk ranged from $500 per month upwards, and it appeared to the court that Stupplebeen came within the provision of the statute relating to debtors employed by relatives for compensation merely colorable and designed to impede his creditors. It has now been made to appear that the entire income of the farm is covered by assignments requiring the vendee of the milk produced to pay monthly installments to various creditors,

chiefly in payment of principal and interest on purchase-money mortgage on real estate and in payment for stock, machinery, cows and feed used upon the farm. Stupplebeen and his wife have given up their separate establishment and are now living in the same household with her parents. Their furniture has been repossessed. Stupplebeen has received no wages and has received nothing but the bare necessities of life. He has sustained a severe injury to his arm which affects his usefulness.

Before an order may be made under section 793 the court must consider three things, one, the reasonable requirements of the debtor and his family; two, any outstanding garnishee executions, and three, any prior order under section 793. (*Metropolitan Life Ins. Co.* v. *Zaroff*, 157 Misc. 796; *Bergman* v. *Buechler*, 249 App. Div. 553; *Compton & Co.* v. *Williams*, 248 id. 545.) In addition, in a case in which it appears that the debtor is employed by a relative without compensation, an order may be made only after the court has determined the reasonable value of the services rendered by the debtor or the debtor's earning ability. (*Schwartz Tire Corp.* v. *Gershon*, 160 Misc. 439.) In the *Compton* case (*supra*) the evidence clearly showed that the debtor had sufficient income to make the required payments, but the order failed to provide that the payments were to be made from the income of the debtor. It was held that, because of this omission the debtor could not be punished for contempt in failing to obey an order which was improper in form. The order against Stupplebeen did not fix the reasonable value of his services nor his earning ability, nor did it provide that the payments were to be made from his income. If a debtor is directed to pay installments out of his income and he has no income during certain periods he does not disobey the mandate by failing to make payments on such occasions and cannot be punished for contempt. The debtor, of course, carries the burden of establishing that he had no income out of which to pay the installments. (*Compton & Co.* v. *Williams, supra; Reeves* v. *Crownshield*, 162 Misc. 118.) Stupplebeen has sustained that burden.

" Basing the amount which the debtor is required to pay upon what the court believes to be the debtor's then earning ability, without regard to whether he is actually earning it or not, comes perilously close, if the order is enforceable by contempt proceedings, which presumably it is, to imprisonment for debt. It is putting considerable power into the hands of the courts to permit them to say that the compensation a man is getting is so inadequate as to indicate what amounts to a fraud on his creditors. Since the depression, salaries have sunk to a low level and positions are not plentiful. Many men are working today, and glad of it, for con-

990

siderably less than their real earning ability under good conditions. Often, too, they are employed by relatives or near friends almost as a matter of charity. It would be adding misfortune to misfortune if such a man were imprisoned for supposed contempt of court just because he has not been able to get work at a proper salary." (Wait's Manual of Supplementary Proceedings and Garnishee Executions, p. 588.)

The motion to punish for contempt is denied. The motion to modify the order of October 13, 1938, is granted to the extent of striking therefrom the provision for the payments provided therein. (*Bergman* v. *Buechler, supra.*) No costs. Submit order.