## KAGANOWITZ v. MANUFACTURERS TRUST CO.

### No. 57.

Circuit Court of Appeals, Second Circuit.
Dec. 4, 1944.

Walter B. Milkman, of Brooklyn, N. Y., for bankrupt-appellant.

Benjamin Gothelf, of New York City (Newman & Bisco and Leonard G. Bisco, all of New York City, on the brief), for objectant-appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from an order denying the petition of the appellant, Sylvia Kaganowitz, for review of the order of a bankruptcy referee which denied her motion to dismiss the specification of objection to her discharge, filed by the appellee, Manufacturers Trust Company, a creditor. The specification in question reads as follows:

"That subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt concealed some of her property with intent to hinder, delay or defraud her creditors in that in the course of an examination in proceedings supplementary to judgment, held in the City Court of the City of New York, County of Kings, on the 5th day of April, 1943, the bankrupt concealed from the Manufacturers Trust Company the fact that she was then employed by stating 'No' when asked if she was presently in business or employed, whereas in truth and in fact, the bankrupt was employed by Hugo Kessler, doing business under the trade name of Efficient Advertising Co., 152 West 42nd Street, New York City, and was receiving $25.00 weekly, and by thus concealing her employment and true amount of her salary, the bankrupt intended to and did hinder, delay and defraud the said Manufacturers Trust Company."

Appellant filed exceptions to this specification and contended before the referee that it did not allege concealment of "any of his [i. e., the bankrupt's] property" with intent to hinder, delay, or defraud creditors within the statutory meaning.

Bankruptcy Act, § 14, sub. c(4), 11 U.S.C. A. § 32, sub. c(4), and that the false oath was merely as to the fact of the employment, "but they don't say as a result of that fact that she concealed ten cents or anything." But the referee held the specification sufficient for trial, and the district court affirmed on petition for review. We agree with this conclusion. While the specification must be sufficiently clear as not to surprise or delay the bankrupt, In re Taub, 2 Cir., 98 F.2d 81, 82, it is obvious that this allegation is adequate as a matter of pleading to avoid any surprise and the issue must turn wholly on the bankrupt's claim that the concealment charged was "of future earnings," while the concealment contemplated by the Act was "of present property or of an interest in existing property." In the bankrupt's view, there must be an additional allegation that a certain amount of wages had accrued and was due the bankrupt at the time of her examination to make the specification state a legal objection to the discharge.

■ Under the New York authorities hereinafter referred to, it might well be argued that, even if this position is sound, the issue is more properly raised as a defense, a showing of the employment being sufficient for a prima facie case. But we think such a narrow ground unnecessary. There has been a continuous trend in New York for the more effective collection of money judgments. Thus, there is now available garnishee execution under Civil Practice Act, § 684, or Justice Court Act, § 300, whereby, where "wages, debts, earnings, salary" are "due and owing to the judgment debtor or shall thereafter become due and owing to him" to the amount of $15 or more per week (in New York City), the court may issue an order for an execution which "shall become a lien and a continuing levy" upon the earnings due or to become due to the debtor to the amount specified in the order not to exceed "ten per centum thereof." And the subject matter of execution is construed broadly to embrace all actual earnings, including bonuses and commissions. Gutterson v. Gutterson, 263 App.Div. 923, 32 N.Y.S.2d 483; B. F. Goodrich Rubber Co. v. Yellow Taxi Corporation, 154 Misc. 440, 277 N.Y. S. 468.

Even this extensive provision has been considered inadequate, and in 1934 the Commission on the Administration of Justice made recommendations for additional legislation after an exhaustive study, Report, 1934, 303–305, 343–366. In consequence there was passed in 1935, Civil Practice Act, § 793, providing, as now, for an order against a judgment debtor for installment payments on his debt of "such portion of his income, however or whenever earned or acquired," as the court shall deem proper, after due regard for the reasonable requirements of the debtor and his family. The Court of Appeals having held that the creditor must elect between these remedies, McDonnell v. McDonnell, 281 N.Y. 480, 24 N.E.2d 134, the legislature in 1941, on recommendation of the Judicial Council, Seventh Annual Report, 1941, 348–349, amended the statute to provide specifically that the remedies under the two statutes may be cumulative. Laws 1941, c. 694.[1] Further, such an order for installment payments may be entered against a debtor of the judgment debtor. Civil Practice Act, § 794, as amended; Rich v. Rich, Misc., 49 N.Y.S.2d 186, 190. And while these remedies ultimately and of course reach only actual earnings in the hands of the debtor's debtor or income in the hands of the debtor, cf. Franklin Simon & Co. v. Pease & Elliman, Inc., 238 App.Div. 614, 265 N.Y.S. 199, yet the orders are entered on a showing that funds are to become due or to be paid and the burden is then on the debtor to show that he has not received the expected income. · F. E. Compton & Co. v. Williams, 248 App.Div. 545, 290 N.Y.S. 984, 990; Reeves v. Crownshield, 162 Misc. 118, 292 N.Y.S. 756, affirmed 274 N.Y. 74, 8 N.E.2d 283, 111 A.L.R. 389; In re Stupplebeen, 171 Misc. 987, 14 N.Y.S. 2d 756.

■ It thus appears that under local law the creditor here had a valuable property right, exercisable under the circumstances disclosed, to certain remedies against the debtor which would have required her to deliver up a portion of any accruing income to the creditor, and that the debtor's statement was designed to and did conceal this from the creditor. The general purpose of this statutory provision is to bar from a discharge those bankrupts who within twelve months before the filing of the petition have sought to prevent collection of their debts by con-

[1] The Judicial Council is still dissatisfied and is making further recommendations as to garnishee executions. Tenth Annual Report, 1944, 335–356.

cealing their assets. There is no reason why concealment of a right to funds subject to garnishment execution should be treated as an exception, and we have held that it should not. In re Adler, 2 Cir., 79 F.2d 840, holding that a bankrupt who arranged with a creditor to suffer garnishment was concealing his property within the statutory meaning. To the same effect are the cases where concealment of salary not yet payable, though earned, was held to constitute a bar to the bankrupt's discharge under this statute. In re Garrity, 2 Cir., 247 F. 310; Grafton v. Meikleham, 5 Cir., 246 F. 737, certiorari denied 246 U.S. 665, 38 S.Ct. 334, 62 L.Ed. 929; In re Hannan, 7 Cir., 127 F.2d 894. In re Doherty, D.C.Conn., 135 F. 432, cited to the contrary, involved, however, the salary of a public officer which was not subject to garnishment. That the amounts here involved were small is no defense, In re Feynman, 2 Cir., 77 F.2d 320, 322; and, indeed, the New York remedies were designed to produce results through pressure which, however limited it might be as of any single point of time, would operate continuously until payment or discharge in bankruptcy. Report of the Commission on the Administration of Justice, 1934, 348, 359, 362; cf. Patterson, J., in In re Brecher, D.C.S.D.N.Y.,19 F.Supp. 283.

The specification, therefore, does not fail to set forth a statutory ground for the denial of a discharge, and the exception to it was properly denied. Order affirmed.