(109 App. Div. 279.)

### SEELEY v. CONNORS et al.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT — APPLICATION BY CREDITOR.

Where a moving affidavit in supplementary proceedings was entitled in the action in which the judgment was rendered with "A. assignee," and the affidavit was made by K., who described himself as attorney for the above-named A., "judgment creditor in this proceeding," and alleged that the judgment had been duly assigned to A., the order was not objectionable on the ground that it was not made by the creditor under the judgment.

2. SAME—DESCRIPTION OF JUDGMENT.

Where a judgment for costs for $148.09 was reduced on a motion for retaxation to $121.09, but the judgment was not formally amended, an affidavit on which an order in supplementary proceedings was based, otherwise correctly describing the judgment, was not objectionable because it stated that it was for $121.09; that being the amount thereof in so far as it was effective.

3. SAME—JUDGMENT—NOTICE OF ASSIGNMENT.

Where the copy of an affidavit on which supplementary proceedings were based, which was served on the judgment debtor, stated that the judgment had been duly assigned to A., who initiated the proceedings, and the truthfulness of such recital was not in question, the affidavit sufficiently established A.'s right to institute the proceedings.

4. SAME—RECEIVERS—ORDERS.

An order appointing a receiver of all of plaintiff's property in supplementary proceedings was not void in so far as it dealt with nonexempt property, though it contained no provision for exemptions, provided for by Code Civ. Proc. § 2463.

5. EXEMPTIONS—EARNINGS—USE FOR FAMILY.

Where it did not appear by a debtor's oath or otherwise that certain earnings disclosed in supplementary proceedings were necessary for the use of his family, they were not exempt, under Code Civ. Proc. § 2463, prohibiting seizure of the earnings of the judgment debtor for his personal services, rendered within 60 days prior to the institution of the proceedings, when it appears that such earnings are necessary for the use of a family wholly or partly supported by his labor.

Appeal from Special Term.

Supplementary proceedings by George Allaire, as assignee of a judgment recovered by defendant in an action entitled James J. Seeley against James J. Connors and another. From orders overruling the objections to the affidavit, and appointing a receiver of all the plaintiff's property, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John R. Kuhn, for appellant.
Edward H. Kissam, for respondents.

WOODWARD, J.   In the course of a litigation between the plaintiff, James J. Seeley, and the defendants, James J. Connors and Matilda Ostrum, a judgment for costs for $148.09 has resulted against the plaintiff, which judgment was duly entered in the office of the clerk of Nassau county, and a transcript of such judgment has been entered in Kings county. Upon a retaxation of costs, the amount of the judgment was reduced to $121.09, though it seems such judgment has not been formally amended in accordance with this retaxation. One George Allaire, as assignee of this judgment, instituted supplementary proceedings, and the questions presented upon this appeal relate to the sufficiency of the affidavits on which the proceeding rests. The moving affidavit is entitled in the action with "George Allaire, assignee," and is made by Edward H. Kissam, who describes himself as the "attorney for the above-named Allaire, the judgment creditor in this proceeding," and sets forth the facts necessary to give jurisdiction to the court; it being alleged that the "said judgment was duly assigned to George Allaire." The objections raised to the affidavit were set forth in the order to show cause, which foreran the order appealed from, as follows:

"(1) Because a copy of said affidavit and order were not duly delivered to and served upon said Seeley, as required by subdivision 2 of section 2452 of the Code of Civil Procedure.

"(2) Because said order was not granted upon application of 'the creditor' under such judgment, 'upon proof of the facts, by affidavit or other competent written evidence,' as required by section 2435 of the Code of Civil Procedure, to justify the issuance of the said order."

The point is now urged that, as the affidavit of Mr. Kissam described the judgment as being for $121.09, instead of for $148.09, as the judgment was originally entered, there was such a misdescrip-

tion of the judgment as to vitiate the proceeding, but, under the circumstances disclosed, this is hardly a tenable objection. The judgment, in so far as it is effective, is for $121.09, and this fact is well known to the plaintiff, and the affidavit correctly describes the judgment except as to the amount; so that there is no room for a mistake, and it sets forth the necessary jurisdictional fact that the judgment was for a sum not less than $25. Section 2458, Code Civ. Proc.

The next objection urged is that, "when an assignee of a judgment seeks to examine the judgment debtor, he must show in his affidavit all the facts to establish his right to proceed upon the judgment and to move in the matter." While the matters might have been set out with greater clearness in the affidavit, we are of opinion that the plaintiff was not misled by the copy of the affidavit served upon him, and which gave notice of the fact that George Allaire was the assignee of such judgment; it being stated that "said judgment was duly assigned to George Allaire," and no one has questioned the truthfulness of this recital. See Matter of Wyman, 76 App. Div. 294, 78 N. Y. Supp. 546; Barrington v. Watkins, 36 App. Div. 31, 55 N. Y. Supp. 97.

It is next objected that the order appointing a receiver of all of the plaintiff's property was void, in that it made no provision for exemptions under the statute. While it is undoubtedly true that, under the provisions of section 2463 of the Code of Civil Procedure, the plaintiff would be entitled to withhold any property which was exempt under the law, this does not operate to vitiate the order in so far as it deals with property not exempt. At most, the order would be irregular, not void; and while it does appear that the plaintiff used some part of his wages in the support of his family, it does not appear, "by his oath or otherwise, that these earnings are necessary for the use of his family"; and this is one of the conditions prescribed by the Code of Civil Procedure for such exemptions as the plaintiff now suggests. See Hancock v. Sears, 93 N. Y. 79, 81.

The other points suggested have been examined without discovering any good reason for reversing the orders appealed from.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur.