### HILBRING v. WISANSKY et al.

#### (Supreme Court, Appellate Term. May 15, 1908.)

COURTS—MUNICIPAL COURTS—SUPPLEMENTARY PROCEEDINGS.

    In supplementary proceedings in the New York City Court, based on a judgment recovered in the municipal court, it is necessary to properly allege the judgment by showing the jurisdictional facts, or stating that it was duly rendered; the municipal court being one of limited or special jurisdiction.

Appeal from City Court of New York, Special Term.

Action by Emma Hilbring against Anna Wisansky and another. From an order of the City Court of the city of New York punishing defendants for contempt in refusing to obey an order directing their examination in supplementary proceedings, they appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

David H. Solotaroff, for appellants.
C. Arthur Arnstein, for respondent.

PER CURIAM. The defendants appeal from an order of the City Court punishing them for contempt in refusing to obey another order of the City Court directing their examination in supplementary proceedings. The affidavits state that the judgment upon which the supplementary proceedings were based was recovered in the Municipal Court, but there is nothing to indicate that the said court had jurisdiction to render such judgment, or that the judgment was duly recovered. The Municipal Court is one of limited or special jurisdiction, and the failure properly to allege the judgment by showing the jurisdictional facts, or stating that it was duly rendered, requires a reversal, as the moving papers were insufficient to confer jurisdiction on the City Court, and the order for the examination of the defendants was a nullity. People v. Sturtevant, 9 N. Y. 266, 59 Am. Dec. 536; People ex rel. Batchelor v. Bacon, 37 App. Div. 414, 55 N. Y. Supp. 1045; Day v. Brosnan, 6 Abb. N. C. (N. Y.) 313.

Order reversed, and motion denied, with $10 costs and disbursements, but without prejudice to another motion in the court below.