(60 Misc. Rep. 332.)

## SHERL v. KURZMAN.

(City Court of New York, Special Term. August, 1908.)

EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

An affidavit in supplementary proceedings, which alleges that judgment was duly rendered and execution issued out of the Supreme Court, state of New York, county of New York, sufficiently indicates the recovery of the judgment and execution issued by the clerk of the Supreme Court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1110, 1111; Dec. Dig. § 377.*]

Action by Harry Sherl against Elias Kurzman. Judgment for plaintiff. On motion to dismiss supplementary proceedings. Denied.

Louis J. Schwartz, for judgment creditor.
Max Schleimer, for judgment debtor.

FINELITE, J. This is a motion to dismiss this proceeding supplementary to execution on a Municipal Court judgment, upon the grounds that the affidavit upon which the order for the examination of the debtor is based does not state that the execution was issued by the clerk of the Supreme Court, and that it does not appear that the Municipal Court had jurisdiction to render such judgment, and that the judgment was in fact rendered in favor of the creditor. The affidavit states that the execution was "duly issued out of the Supreme Court, state of New York, county of New York." If the execution was "duly issued," it was issued according to law, in matters of substance as well as in matters of form (Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685); and if issued according to law was issued by the clerk of the Supreme Court.

Counsel urges the distinction between the judgment being "duly recovered" and "duly rendered," and contends that the latter statement should be contained in the affidavit and order that the former is not a substitute nor an equivalent for it, and seeks asylum in the case of Hilbring v. Wisansky, 59 Misc. Rep. 149, 110 N. Y. Supp. 184. A reading of the opinion in that case will reveal that the court took exception to the fact that "there is nothing to indicate that the said court had jurisdiction to render said judgment or that the judgment was duly recovered."

The motion to dismiss is denied, and the judgment debtor is directed to appear for examination on August 3, 1908, at 10 a. m.

Ordered accordingly.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes