FRANCES ZEITLIN, Judgment Creditor, *v.* PINCUS BALLENZWEIG, Judgment Debtor.

City Court of New York, Bronx County, November 14, 1935.

*Max Epstein*, for the motion.

*Howard K. Rothenberg*, opposed.

DONNELLY, J. This is a motion to vacate the order made herein the 14th day of October, 1935, directing the judgment debtor to pay to the judgment creditor three dollars weekly beginning October 28, 1935, on the judgment herein in the sum of $443.74.

The order is attacked on two grounds: (1) That the proceeding which resulted in the order was not initiated by an order to show cause; (2) that the motion papers upon which the order is based were not served personally upon the judgment debtor but were served upon him by mail.

No claim is made by the judgment debtor that the order directing him to pay three dollars weekly on the judgment herein was made

without due regard to his circumstances or to his financial capacity to comply therewith.

On May 20, 1935, by an order made by Mr. Justice Schackno of this court, the salary of the judgment debtor for garnishee purposes was fixed at thirty-five dollars weekly. That order was made upon notice to the judgment debtor and to his employer, Bronx Stratford, Inc., after the examination of the judgment debtor in supplementary proceedings. In that examination it was disclosed that the judgment debtor was in the employ of said Bronx Stratford, Inc., in its restaurant business; that the judgment debtor's sister, Rose Eshoy, owns all of the stock of the said corporation, and that the judgment debtor's brother-in-law is the secretary and treasurer of the corporation. On the motion made by the judgment creditor for an order, pursuant to section 793 of the Civil Practice Act, directing the judgment debtor to pay five dollars weekly on the judgment herein, and which resulted in the order made October 14, 1935, it appears (I quote from the affidavit of the attorney for the judgment creditor): " and an order of this Court was duly made on May 20, 1935, fixing the salary at $35 per week for the purpose of garnishment. Thereafter an execution against said salary was made and after twelve weeks had elapsed, an action was started and judgment recovered against the said Bronx Stratford, Inc., a corporation wholly owned by the relatives of the judgment debtor, but the marshal was informed that the said corporation had been sold out under a mortgage on June 21, 1935. Deponent has this day [September 20, 1935] spoken with the judgment debtor at the said restaurant * * * and is informed that the judgment debtor's brother-in-law, Jack Eshoy, is now the owner of the restaurant. Deponent was also informed by the judgment debtor that it would be useless to fix the salary for his present employment because the ownership of the restaurant goes around in circles and deponent will never be able to catch up with it."

It may be that subsequent proceedings will be instituted to punish the judgment debtor for his disobedience of the order. Such a proceeding, of course, should be commenced by an order to show cause. But that proceeding is not before the court now, nor is there anything in the provisions of section 793 of the Civil Practice Act which requires the initiation by an order to show cause of an application to compel a judgment debtor to pay a certain amount in installments on a judgment against him. The application may be made in the presence of the judgment debtor. If the justice before whom it be made feel that sufficient facts to justify the granting of it have not been adduced, he may direct that it be made upon motion papers.

The statute pursuant to which the order was made herein gives the judgment debtor ample opportunity to move to modify it at any time during the period provided therein for the payment of the installments.

Section 793 reads: " The court may, from time to time, modify an order made under this section upon application of either party upon notice to the other." (Added by Laws of 1935, chap. 630.)

Motion denied, with ten dollars costs.