DIAMOND & FRAZER IRON WORKS, INC., Judgment Creditor, *v.* CONSTANTINO DI TULLIO, Judgment Debtor.

City Court of New York, Bronx County, December 10, 1935.

*Milton Altschuler*, for the judgment creditor.

*Constantino Di Tullio*, judgment debtor, in person.

EVANS, J. Motion to punish judgment debtor for contempt of court, in that he failed to make payments as directed, by an order of this court, pursuant to the provisions of section 793 of the Civil Practice Act.

There is nothing in section 753 of the Judiciary Law that would warrant the granting of the motion. Subdivision 3 of that section prohibits punishment for contempt for failure to obey an order directing the payment of a sum of money, where, by law, execution may be awarded for the collection of that sum.

Under many circumstances, courts do punish, as a contempt, the failure to obey an order for the payment of moneys. Orders to pay alimony are commonly enforced in that way. The surrogate, in some instances, may so enforce his order. But, in these instances, the power is derived from statute, practice or custom, and is ratified by subdivision 8 of section 753 of the Judiciary Law.

I do not believe the Legislature has conferred upon the courts the power to make orders, under section 793 of the Civil Practice Act, without granting the ability to enforce them. I think section 801 of the Civil Practice Act authorizes the enforcement of these orders by punishment for contempt and, therefore, comes within the exception specified in section 21 of the Civil Rights Law.

I do not think, however, that such orders should be made on default of the judgment debtor. If he does not appear on the motion, he should be brought before the court by attachment, so that the court may be able to determine whether he has any excuse for failure to obey the order. That is the practice commonly followed in this court upon motions to punish for contempt, for failure to obey an order or subpœna requiring the judgment debtor to attend and be examined.

The motion will, therefore, be granted to the extent that a bailable attachment in the sum of $150 may issue.