In the Matter of Supplementary Proceedings: ADIRONDACK FURNITURE CORPORATION, Judgment Creditor, Plaintiff, *v.* SCOTT CRANNELL, Judgment Debtor, Defendant.

County Court, Saratoga County, April 16, 1938.

James D. Connor, for the plaintiff.

King & Duval [Joseph P. Duval of counsel], for the defendant.

FRAZIER, J. This is a motion under section 793 of the Civil Practice Act for an order directing that the judgment debtor pay to the judgment creditor on account of the judgment herein installments in an amount to be fixed by the court. The court has been requested to outline the practice which will be approved upon motions of this character.

The attorney for the defendant appearing specially raises the preliminary objection that due and proper notice of this motion has not been given to the defendant because service of notice was made by mail.

The claim is further made on behalf of the defendant that he has not been actually examined in proceedings supplementary to execution and that this application cannot properly be based on testimony which was taken before a commissioner of deeds.

The claim is also made that the moving affidavit is insufficient because it does not contain any statement as to when or in what court the judgment was obtained nor the amount of the judgment.

It is also claimed that even if the testimony taken before the commissioner of deeds is considered, a determination may not be made fixing an amount to be paid in installments without affirmative proof on the part of the plaintiff showing that defendant's income is more than sufficient for the requirements of himself and his family.

These questions will be considered in their order.

Section 793 of the Civil Practice Act contains no express provision as to the notice required, and in the absence of such provision there is no apparent reason why the usual notice of motion prescribed by rule 60 of the Rules of Civil Practice should not be considered sufficient. Service of such notice in any of the methods prescribed by rule 20 is sufficient. (See Zeitlin v. Ballenzweig, 157 Misc. 219.)

Defendant in his answering affidavit admits that he received

notice of motion through the mail. . The preliminary objection is, therefore, overruled.

In this connection it may be noted that service of the order directing installment payments must be made in the same manner required for service of any paper to bring a party into contempt, before a proceeding for contempt for failure to comply with the provisions of the order may be instituted.

The practice prescribed by section 791 of the Civil Practice Act whereby testimony may be taken by consent before a notary public or commissioner of deeds seems to have been followed in this case. The minutes signed by the judgment debtor recite that the judgment debtor consented to the taking of his testimony before a commissioner of deeds. That such consent was given is not expressly denied in defendant's affidavit.

The delay of about sixteen months between the time of service of the order for examination in proceedings supplementary to execution and the time when the examination was actually had does not seem to be fatal, especially in view of the fact that such objection was not raised by defendant when he was examined. (See *Kommel* v. *Karron,* 157 Misc. 557.)

Before an order may be made under section 793, all of the information necessary for making the order requiring installment payments must be before the court and the court must have the information necessary for the proper exercise of discretion in requiring payment by defendant and fixing the amount of such payment. This includes information as to the date and amount of the judgment and the court in which it was obtained, the amount of debtor's income or under certain circumstances the reasonable value of his services or his earning ability, the number, age and relationship of debtor's dependents, whether any, and if so what payments he is required to make to other creditors under section 684 or prior order under section 793. The affidavit of the attorney for the judgment creditor made on information and belief, without a statement of the source of information or the grounds of belief, will not be considered sufficient. It would seem unreasonable to require the creditor to show in detail the various items of expenditure required for the support of debtor and his family. These being matters which are peculiarly within the knowledge of the debtor, it is incumbent upon debtor to affirmatively show his reasonable requirements after creditor has established a *prima facie* case showing income or value of services sufficient, under ordinary circumstances, to warrant installment payments. (*Compton & Co.* v. *Williams,* 248 App. Div. 545.)

While it may be true that the papers used in the application for the order in supplementary proceedings and the testimony taken in those proceedings are to be considered before the court upon a motion under section 793, nevertheless, in future applications of this character this court will require that the moving papers disclose the matters above indicated and in so far as the testimony taken in the proceedings supplementary to execution is relied upon to establish such matters, such portions of the testimony as are relied upon must be set forth in detail.

In the exercise of discretion an order will not be made under section 793 if the remedy by ordinary execution or garnishee execution is available to plaintiff.

In the present case judgment debtor testified in supplementary proceedings that he was proprietor of a barber shop. He was asked how much his earnings were at the present time, and he answered that they were about twenty-five or twenty-six dollars per week. In debtor's answering affidavit filed on this motion, debtor states that out of these earnings he must pay rent for the shop, heat, light and barber supplies. The inference, therefore, seems to be that in his testimony in supplementary proceedings he meant that his gross earnings were twenty-five or twenty-six dollars per week, but he does not so state in distinct terms. Defendant's affidavit is somewhat indefinite and evasive. He states that out of his earnings he " must pay rent for the shop, rent for his house, heat, light, barber supplies, food and clothing for his wife and children," but he fails to state just what payments are required for these purposes. While it would seem to be incumbent upon the judgment creditor to show the amount of the defendant's net income, nevertheless, as hereinbefore indicated, it was not necessary for him to show in detail all of the items necessarily expended by debtor for the support of his family.

Inasmuch as there is a dispute as to the debtor's net earnings and whether these earnings are more than sufficient for his reasonable requirements for the support of himself and family, the decision of this motion will be held in abeyance until the next stated Special Term of this court to be held May seventh. At that time the judgment debtor may appear and be examined, subject to cross-examination, as to his earnings and expenses and any other relevant matters. This procedure is approved in *Kaplan* v. *Peyser* (247 App. Div. 660). If debtor does not appear for examination at that time, this motion will be decided on the assumption that his net earnings are twenty-five or twenty-six dollars per week.