RUTH NOVAK, Judgment Creditor, *v.* EDWARD NOVAK, Judgment Debtor.

City Court of New York, Special Term, New York County, June 23, 1939.

*William L. Bowman,* for the judgment creditor.

*Fred A. Weitzner,* for the judgment debtor.

MADIGAN, J. The judgment debtor contends that this application, for an order pursuant to section 793 of the Civil Practice Act, may not be entertained inasmuch as the motion has not been made in any proceeding pending in this court.

The judgment on which the application is based was recovered in the Municipal Court of the City of New York. No proceeding supplementary to judgment (Civ. Prac. Act, art. 45, § 773 *et seq.)* was ever commenced on that judgment unless this motion, under section 793 of the Civil Practice Act, is such a proceeding, within the meaning of the term "proceeding supplementary to judgment" as employed in article 45 of the Civil Practice Act.

(1) That this motion is not such a proceeding is shown by section 774 of the Civil Practice Act, which indicates how proceedings "under this article" (Civ. Prac. Act, art. 45) may be instituted.

On judgments of the Municipal Court of the City of New York supplementary proceedings are to be maintained in this court; but as no supplementary proceeding has been commenced on the judgment recovered by proponent against respondent, she has no right to be in this court with this application.

(2) Proponent was formerly the wife of respondent. They were divorced. His only income is from his work. His work and his employer are the same as they were up to the time of the divorce. Even before she had the judgment against him she had information sufficient to make a motion under section 793 of the Civil Practice Act. To obtain such information she needed no examination in supplementary proceedings. The situation here shows that in some instances the effect of article 45 of the Civil Practice Act is to prescribe an unnecessary procedural requirement as a statutory prerequisite to an application under section 793 of the Civil Practice Act. However, only the Legislature can remedy the matter.

The motion is dismissed without prejudice.