RAYMOND N. HAAS, Judgment Creditor, *v.* HERBERT A. REISER et al., Judgment Debtors.

Supreme Court, Special Term, Nassau County, April 13, 1951.

*Taplitz & Taplitz* for judgment creditor.

No appearance for judgment debtors.

CUFF, J. This is an application by the judgment creditor for relief under section 793 of the Civil Practice Act. The facts upon which the court is asked to act consist of conversations which the judgment creditor's attorney had (November 20, 1950) with one of the judgment debtors (Herbert A. Reiser) as follows: "he and the co-judgment debtor, Elaine Reiser, his wife, were operating an exclusive restaurant and bar at 15

Doughty Boulevard, Inwood, New York. That the said business was owned by a corporation known as Toby's, Inc., and that although the capital for said venture was supplied by outside sources, both of said debtors herein were the only officers of said corporation, and that the business of said corporation was operated exclusively by the judgment debtors herein. He informed your deponent that both he and his wife devote seven days per week to the conduct of said business, and put in long hours of work each day in their efforts. That while the services rendered by the judgment debtors are worth far in excess of $300. per week, that they draw practically no salaries on the books of the corporation.''

In addition, when the proposed order on this motion was submitted (the judgment debtor had defaulted when the motion was heard) annexed thereto was a sworn consent by the said judgment debtor, Herbert A. Reiser, to the entry of the order herein, embodying in substance the conversation quoted above and agreeing to pay installments in reduction of the unpaid part of the judgment as follows: March, 1951, $20; April and May, 1951, $40 each; June, July, August and September, 1951, $120 each; such payments to be continued as the above-named months recur in ensuing years, until the full amount of the unpaid part of the judgment ($3,196.32 as of January 1, 1951) is paid. A proposed order submitted on the motion contains a direction that the judgment debtor adhere to that schedule.

In spite of the judgment debtor's failure to oppose this application, I consider it my duty to explore the procedure followed by the judgment creditor and to examine the proof submitted by him on the basis of which, he expects this court to act.

As I read section 793, I consider in the first place that it is controlled by section 774 of the Civil Practice Act which prescribes the method of instituting any proceeding under article 45 (§§ 773–811) of the Civil Practice Act.

Section 774 requires that, to obtain relief under section 793, the judgment creditor must move in a proceeding supplementary to judgment (*Novak* v. *Novak*, 173 Misc. 866). The proceeding intended is entitled '' In the Matter of Proceedings Supplementary to Judgment.'' (Wait's Manual of Supplementary Proceedings and Garnishee Executions, pp. 63–64.) Such proceeding may be commenced in the usual way. (*Matter of Adirondack Furniture Corp.* v. *Crannell*, 167 Misc. 599.) Other procedure is not defined in the statute, which means that the court must lead the way.

To grant relief under section 793 is discretionary (*Wells* v. *Hollister*, 265 App. Div. 603; *Bowes* v. *Perkins*, 169 Misc. 624, 626). It therefore becomes important to ascertain what proof the statute (§ 793) requires to be adduced before the court may act. There must be a judgment fully described unpaid in whole or in part recovered (giving the date) in some named court. (*Kennedy* v. *Weed*, 10 Abb. Prac. 62; *Douglass* v. *Mainzer*, 40 Hun 75.) On this point Wait (*supra*, p. 66) states:

" It is also probable that the affidavit should still set forth the court in which the judgment was recovered. *Webster* v. *Sawens*, 3 How. Pr. (N. S.) 320. The date of the judgment should likewise be given. *Matter of Hatfield*, 17 App. Div. 430, 45 Supp. 270. And the amount thereof. *Seeley* v. *Connors*, 109 App. Div. 279, 95 Supp. 1109.

" Naturally if the judgment must be described at all, the description must be accurate. *Sherl* v. *Kurzman*, 60 Misc. 332, 113 Supp. 288.''

The statute (§ 793) provides: " the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his *income,* however or whenever earned or acquired, as the court may deem proper, after due regard for the *reasonable requirements of the judgment debtor and his family,* if dependent upon him, as well as any payments required to be made by the judgment debtor under [garnishee orders or outstanding wage assignments].'' (Italics supplied.)

Before the court may exercise its discretion, therefore, and designate an amount to be paid by the judgment debtor, there should be proof: (1) that the judgment debtor has income (which of necessity may have to be fixed by the court); (2) that there are or are not members of the judgment debtor's family dependent upon him, naming them and giving their ages; (3) that if there are such dependents what are his (the judgment debtor's) and their reasonable requirements; (4) that the judgment debtor's income is or is not affected by a garnishee order pursuant to section 684 of the Civil Practice Act, or an order prior to the current application under section 793; (5) that if it is so affected, to what extent; (6) that there are or are not outstanding wage assignments made by the judgment debtor, and (7) that if there are, exactly what are their terms and conditions.

There is no requirement that the judgment debtor actually submit to an examination. (Civ. Prac. Act, § 793.) The necessary proof may be presented in any form on motion in the

supplementary proceeding. I would think, however, that the best procedure calls for the actual examination of the judgment debtor.

An application for relief under section 793 may also be made orally in open court as long as the judgment debtor is in attendance and provided that the proof upon which the court is asked to act is in writing so that there will be a record. The determination of the court upon such oral application should be followed by an order which should be duly served.

This analogy indicates that the current application fails. The judgment creditor has not moved in the supplementary proceeding, which, by the way, exists herein. This judgment creditor's proof is also lacking as to several requisites as pointed out above. The consent of the judgment debtor while worthy of weight is not controlling upon the court (*Wells* v. *Hollister,* 265 App. Div. 603, *supra*).

Happening with increased frequency of late, judgment creditors, as in this case, are seeking relief under section 793 upon applications based solely (insofar as proof required is concerned) upon the written, usually sworn to, consent or similar admission of the judgment debtor. Does the law permit such practice?

Section 793 requires that the amount of the installments be fixed by order of the court " after due regard [has been given] for the reasonable requirements of the judgment debtor and his family, if dependent upon him ". That provision seems to me to afford certain definite protection for the judgment debtor and his family which renders immune from the operation of section 793 that much of the funds derived from the judgment debtor's income which necessarily is devoted to their living expenses. In any court action pursuant to the statute, the judgment debtor must receive that protection. By the same token, a judgment debtor may not stipulate or consent that protection away because it is not entirely his — his dependents are also beneficiaries. I doubt whether he and his dependents together could effectuate a proper consent. The community is interested for such a consent might so reduce the judgment debtor's income that he and his dependents would be rendered in whole or in part public charges. If the amount is determined by a court on a factual presentation, the injunction that it be arrived at " after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him " will be observed by an agency which would have no interest in the matter other than following the letter and spirit of the

law, whereas a consent might be the result of the embarrassment of the judgment debtor, his harassment by the judgment creditor, his desire and willingness to please the judgment creditor or it could be (rather farfetched, but nonetheless true) to punish his dependents from whom he could be estranged. Likewise by accident, aside from design, the judgment debtor might minimize the "reasonable requirements" of himself and his dependents. He could act collusively with a judgment creditor at the expense of his dependents. He could thereby defeat his legal obligation to support his family (Domestic Relations Law, § 51) by such a method. "Reasonable requirements" as referred to in the statute can be determined by a court only, hence, a consent to an amount, standing alone, may not be employed as a substitute for the proof required.

The application at bar is denied, with leave to the judgment creditor to reapply on proper and sufficient proof in the supplementary proceeding. The proposed order is not signed.

By this decision this court is not narrowly interpreting this reform legislation and thus reducing its effectiveness. It should not (*McDonnell* v. *McDonnell*, 281 N. Y. 480; *Bowes* v. *Perkins*, 169 Misc. 624, *supra*) and I am not disposed to do so. (Westchester L. J., Nov. 26, 1934, address by Supreme Court Justice CUFF.) I believe by following a definite procedure conforming closely to the statute, a judgment creditor may obtain an order under section 793 which will not be easily assailable and will support an order punishing the judgment debtor for contempt for violating its terms. The science of collecting judgments — a most important departure — will be advanced, if procedure is better understood to the end good money is not wasted in a vain pursuit of bad money. The bar and business should be grateful for section 793, but we have further to go in our efforts to collect judgments. (See *Zwerdling* v. *Hamman Bldg. Corp.*, 145 Misc. 471.)