Martin B. Stecher, J.
The plaintiff, the judgment creditor, seeks to have the defendant, the judgment debtor, adjudged guilty of contempt for the latter’s failure to obey an installment payment order (CPLR 5226). The defendant, it is alleged, failed to appear on the return of an order directing him to show cause why he should not be adjudged guilty of contempt, and I am now asked to make such adjudication on default.
By virtue of the paucity of information contained in this file of printed and mimeographed forms, the attorney for the plaintiff was invited on three separate occasions, through the Clerk of the court, to discuss the matter with me. Regrettably, the invitation was not accepted. Accordingly, I must glean whatever information is available from the file itself and thus determine from it how the dignity of the judiciary became so entwined with the balance sheet of the plaintiff.
At the outset it should be observed that the remarks hereafter made are not intended in criticism of the plaintiff, to whom a debt appears to be justly due; or in criticism of its attorneys for having followed the well-traveled path of collection practices. It is the practices themselves which require re-examination.
THE JUDGMENT
On June 7,1967, the defendant (probably in the office of plaintiff’s attorneys) confessed his indebtedness to the plaintiff in the sum of $770.54; accepted service of a summons; and stipulated in writing to discharge the obligation by monthly installment payments, in default of which plaintiff could enter judgment. After reducing the claim by $150, the defendant defaulted; and, in accordance with the terms of the stipulation, judgment was entered on November 9, 1967, for $770.54, plus *863 costs and interest, no credit having been given for payments thertofore received. By this device the plaintiff acquired a few extra dollars in costs and interest. While the amount is relatively insignificant (plaintiff having given the defendant a principal credit in the enforcement proceedings) this widespread practice of stipulating to excessive judgments should not be condoned and should be terminated.
‘ ‘ A judgment is the determination of the rights of the parties in an action ” (CPLR 5011) and should reflect only those rights existing at the time of entry. The power to enter judgments without presenting proof before the court (CPLR 3215, subd. [a]) will not be abused in this fashion if the “ requisite proof ” which the Clerk of the court is obligated to obtain shall include a schedule of interest computation certifying all payments made to that date.
THE INSTALLMENT PAYMENT ORDER
On February 8,1968, a subpoena was served on the defendant requiring his attendance in this court, to be examined in enforcement of the judgment. He did not appear, and there followed the usual order directing the defendant to show cause why he should not be punished for contempt of the subpoena; a further default; a bailable attachment; a stipulation extending his time to respond to the order to show cause; and on May 9, 1968, an appearance before me in Special Term Part II of this court.
On mimeographed forms provided by the Clerk, the defendant in person stipulated with the plaintiff’s attorneys “ that this motion to punish for contempt be deemed a motion pursuant to Sec. 5226 of the CPLR,” and agreed to the entry of an order ‘1 under that section ’ ’ directing installment payments of the debt. Such an order was entered when the defendant informed me he could pay the sum stipulated.
The procedure just described, endeavoring to substitute by stipulation an installment payment order for a contempt hearing, has been followed since the creation of this court and previously in the predecessor City Court. Despite the authority which the passage of time encrusts on a procedure (see Legislative Studies & Reports, McKinney’s, Cons. Laws of N. Y., Book 7B, CPLR 5226, p. 113), I can find no authority for it, and authority to reject it exists.
The statute (CPLR 5226) and its predecessor (Civ. Prac. Act, §§ 793, 774) established the procedures to be followed and the standards of proof which must be met before such an order may issue. The current statute requires a notice of motion; proof “ that the judgment debtor is receiving or will receive *864 money from any source, or is attempting to impede the judgment creditor by rendering services without adequate compensation”; and consideration by the court of “ the reasonable requirements of the judgment debtor and his dependents ” as well as the debtor’s other judgments, wage assignments, and the like.
The use of these stipulations evades both the procedural requirement of serving a notice of motion and the substantive requirement of proof of ability to pay. It seeks to involve the court too intimately with the affairs of the judgment creditor by creating an ever-present threat to the debtor of fine or imprisonment should he fail to meet any installment. It adds a potential of harassment which may actually have been used in this case, as illustrated in the portion of this opinion entitled “ contempt.”
The question of course, is to what extent, if any, may the court, on consent of the parties, dispense with the statutory prerequisites to the installment payment order?
Certainly, the stipulation does not bind the court, the issuance of an installment payment order being discretionary (Wells v. Hollister, 265 App. Div. 603). The extent however, to which the court will exercise that discretion must always be based on the public policy enunciated in the statute: that the court consider the needs of the debtor and his family and that they not be reduced to public charges (Haas v. Reiser, 201 Misc. 234).
Conceivably, if the court is satisfied that the safeguards of the statute are being met, the stipulation may be entertained as a waiver of the notice of motion; but the stipulation may not dispense with proof by the creditor of the debtor’s ability to pay nor the inquiry by the court of the needs of the debtor and his family.
No proof of income or assets having ever been adduced here or that the debtor was “ rendering services without adequate compensation” (CPLR 5226), the installment payment order was improperly made and should be vacated.
Courts have the inherent power to modify or vacate orders made in an action or proceeding still pending (Ladd v. Stevenson, 112 N. Y. 325, 332; Leichter, Civil Motion Practice, § 45.05); and the enforcement proceeding certainly is still pending. “The court may at any time, on its own initiative * * * make an order denying * * * the use of any enforcement procedure ” (CPLR 5240); and where there is a “ lack of jurisdiction to render the *' * * order ” (CPLR 5015, subd. [a], par. 4), the order should be revoked. The phrase “lack of jurisdiction ’ ’ .as used in this section should not be limited to *865 jurisdiction over the person or subject matter only but should be broadly construed, certainly in the case of an order, to include a motion decided when none was in fact made or where the prima facie case for such an order was neither alleged nor proved.
CONTEMPT
Following the making of the installment payment order, the defendant apparently made further payments of $200 but is alleged to have defaulted in paying certain subsequent installments — when, we are not told. As a consequence this motion to punish for contempt was brought on, returnable November 13, 1969. The defendant twice appeared; but each time the parties stipulated, “ at the request of defendant”, to adjourn the motion. The defendant failed to appear the third time and I am now asked to find him guilty of contempt of court, without inquiry, hearing, or even the benefit of consultation with plaintiff’s attorney.
The court has, of course, the power to punish a debtor for “ contempt of court committed with respect to an enforcement procedure” (CPLR 5210); and if “it is determined that the accused has committed the offense charged; and that it was colculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party * * * the court * * * must make a final order directing that he be punished by fine, imprisonment, or both, as the nature of the case requires ” (Judiciary Law, § 770).
Contempt should not, however, be determined by default or on a pro forma affidavit (Matter of Caruso v. Schilingo, 23 A D 2d 627). It is the better procedure to bring the debtor “ before the court by attachment, so that the court may be able to determine whether he has any excuse for failure to obey the order ” (Diamond & Frazer Iron Works v. Di Tullio, 157 Misc. 800, 801). The plaintiff’s attorney’s conclusory statement contained in his affidavit in support of this motion that 1 ‘ the defendant is in a position to make regular payments ” is hardly a substitute for proof. Contempt has not been proved.
Moreover, I cannot ignore that defendant twice appeared in this court on the present motion and, with the consent, if not the connivance of plaintiff’s attorney, had his appearance before a Judge adjourned. Why was the contempt hearing twice adjourned? The record — and counsel — are silent. Sometimes adjournments are intended as mere harassment, a practice long condemned (Feinberg v. Kutcosky, 147 App. Div. 393). More frequently partial payment is the price of each adjournment; *866 creditors’ attorneys thus using the threat of contempt as a dunning device. For the court to close its eyes to such practices is to reduce itself to the status of a collection agency and make the collection bar the possessor and arbiter of the court’s contempt power. I am not prepared to make creditors ’ attorneys my surrogates.
If the contempt alleged was not of sufficient importance to be adjudicated on either of the occasions the debtor was in court, it is not, in the absence of a showing to the contrary, of sufficient moment to be determined now, ex parte, at the creditor’s attorney’s leisure.
Accordingly, the motion to punish for contempt is denied; the installment payment order made by me dated May 9, 1968 is vacated; and plaintiff is directed to resettle the judgment within 30 days in accordance with the provisions hereof.
It should be observed that the plaintiff is not without remedy. A new subpoena may be served and the debtor’s assets or income ascertained (CPLR 5223; 5224, subds. [a] and [f]). Generally, if this or any other debtor ignores a subpoena, let him be brought before the court and have the alleged contempt adjudicated. A fine may be imposed in reduction of the obligation or otherwise (Judiciary Law, § 773) and the debtor, on pain of further punishment, may be directed to submit to an examination — which is all the plaintiff was entitled to in the first instance. If an installment payment order is then warranted, an appropriate motion may be made and proper proof taken. The safeguards of the statute are not to be eroded by stipulations designed to use the contempt power for the collection of judgments.