Hortense W. Gabel, J.
Plaintiff judgment creditor makes this application to have the defendant judgment debtor punished for contempt for failure to comply with a consent installment payment order signed by me on March 9, 1972.
On August 24, 1971, plaintiff obtained a judgment against the defendant in the sum of $196.50. Thereafter defendant was served with a subpoena to appear for examination, then defaulted, and subsequently failed to answer an application to punish him for contempt.
On January 19, 1972, a bailable attachment was issued by this court and on March 9, 1972, the defendant was brought before me by the Sheriff. After some discussion with reference to the satisfaction of the indebtedness and the defendant’s ability to pay, the defendant and the plaintiff’s attorney entered into a stipulation. It was agreed that the motion to punish for contempt be deemed a motion pursuant to CPLR 5226 which provides for installment payments, and that an order under that section be entered directing, in part, that the judgment debtor, out of his income, pay to the judgment creditor the *715 sum of $214.50, payable $25 on March 10,1972, $30 on March 20, 1972, and $30 every Monday thereafter until the total sum of $214.50 was paid. Upon this stipulation and after the defendant informed me he could pay the stipulated sums, I signed the order.
Plaintiff now seeks to have the defendant punished for contempt for his purported failure to comply with the order. The affidavit of plaintiff’s attorney in support of the motion states that the defendant paid $25 on March 19, 1972 and $30 on March 30, 1972, but made no further payments. It also states that “ the conduct of the defendant was calculated to and actually did defeat, impede and prejudice the rights and remedies of the plaintiff herein in that the plaintiff has not received all the payments due under the aforesaid order.” The defendant has not appeared on this application.
This court is aware of the difficulty that judgment creditors often have in collecting judgments from so-called “ deadbeat ” judgment debtors. The court is equally aware of the practices of some collection agencies and attorneys who specialize in the enforcement of money judgments. Unfortunately some of the tactics employed by both debtor and creditor come under the heading of deceptive practices. But these practices may not be used to violate procedural due process on the one hand, or to encourage delay and willful disobedience to the orders of1 this court on the other.
The power to punish a judgment debtor for civil contempt resides in this court (CPLR 5210, 5251). Section 753 et seq. of the Judiciary Law provide that the punishment may take the forms of fine and commitment.
Willful failure to comply with the installment payment order can render the judgment debtor liable for punishment for contempt. “ Without this right, there would be no power in the court to enforce its order ” (Matter of Reeves v. Crownshield, 274 N. Y. 74, 79).
From the very nature of the severity of the punishment, however this powerful weapon should not be deployed on such a free and easy basis that contempt is determined by default or on a pro forma affidavit (see Uni-Serv Corp. v. Linker, 62 Misc 2d 861).
In criminal contempt proceedings the United States Supreme Court has held that procedural due process “ requires that one charged with contempt of court be advised of1 the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by *716 counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation ” (Matter of Green, 369 U. S. 689, 691-692; Matter of Oliver, 333 U. S. 257, 275). Similarly, in civil proceedings the individual’s fundamental right to procedural due process should not be violated, especially in view of the severe penalties which may be imposed. Here, certainly, ‘1 the right to notice and an opportunity to be heard ‘ must be granted .at a meaningful time and in a meaningful manner ’ ’ ’ (Fuentes v. Shevin, 407 U. S. 67, 80).
The fact that the judgment debtor has failed to comply with the order does not of itself render the defendant guilty of contumacious conduct calculated to defeat, impair, impede and prejudice the rights and remedies of the plaintiff, as stated in the moving papers. In fact, a statement to that effect by plaintiff’s attorney is unsupported by evidence of any kind. “ If a debtor is directed to pay installments out of his income and he has no income during certain periods he does not disobey the mandate by failing to make payments on such occasions and cannot be punished for contempt [at a subsequent hearing]. The debtor, of course, carries the burden of establishing that he had no income out of which to pay the installments.” (Matter of Kells v. Stupplebeen, 171 Misc. 987, 989.) Furthermore, plaintiff’s application is predicated upon an assumption that since the judgment debtor once defaulted in a motion to punish him for contempt and he was brought before this court pursuant to a bailable attachment, he may now be punished without a hearing and solely on the basis of his alleged default in payments pursuant to the installment order.
This assumption is not valid. Once the defendant was brought before the court pursuant to the bailable attachment and both sides agreed to the installment payments order, the defendant had purged himself of contempt as a result of his failure to submit to an examination. The signature on the consent order in effect permitted the debtor a fresh start towards the satisfaction of the judgment. Had an installment payment order been signed after a decision on a full-fledged motion to direct installment payments, the judgment debtor’s noncompliance with the order would have given rise to an application to punish for contempt. The result in the Civil Court would be the issuance of a bailable attachment. Similarly, this court should not issue a fining order with a provision for commitment without first bringing the debtor before the court.
*717 “ In matters of this type when it appears that there may he financial inability better practice would dictate that before an order of contempt issue the judgment debtor be brought before the court and examined by the Judge to determine his financial status and the possibility of payments in the amount ordered ” (Matter of Caruso v. Schilingo, 23 A D 2d 627, 628). (To the same effect, see Uni-Serv Corp. v. Linker, 62 Misc 2d 861, supra; Diamond & Frazer Iron Works v. Di Tullio, 157 Misc. 800, 801.)
Accordingly, the motion is granted to the extent that a bailable attachment in the sum of $150 may issue.