OPINION OF THE COURT
John R. Tenney, J.
Defendants were divorced in Texas on October 3, 1978. The divorce decree provided, among other matters, that the husband was to provide the sum of $200 per month for support of the infant son, Matthew. Matthew is a mentally retarded child who requires special care and education.
Plaintiff is a private school which provides services for mentally retarded children. Matthew was enrolled at the school for a number of semesters and received the maximum scholarships of $8,000 per year. Defendants failed to make the additional tuition payments in the amount of $8,453.71.
Plaintiff commenced suit in 1983 and obtained a default judgment against both parents. The judgment against the husband, a resident of Texas, was subsequently vacated for lack of in personam jurisdiction. With the exception of two payments of $50 each, the wife has failed to satisfy the judgment. Plaintiff *708 now brings this motion pursuant to CPLR 5226 to secure an installment payment order against all or part of the support payments due from Mr. Prentice for the benefit of his son Matthew.
Support payments are generally exempt from application for the satisfaction of money judgments (CPLR 5205 [d] [3]). Plaintiff argues that this court should nevertheless waive the exemption, in whole or in part, given the unique circumstances of this case. It contends that at least a portion of each payment was “earmarked” under the decree for contributions to Matthew’s school. In failing to make such contributions, Mrs. Prentice misapplied the funds and should not now be allowed to hide behind the exemption of CPLR 5205. This is particularly true since Matthew resided at the school for most of each school year, thereby reducing her needs for maintenance of the home.
This would appear to be a case of first impression. CPLR 5226 sets forth the grounds for granting an installment payment order: “In fixing the amount of the payments, the court shall take into [account] the reasonable requirements of the judgment debtor and his dependents, any payments required to be made by him or deducted from the money he would otherwise receive in satisfaction of other judgments and wage assignments, the amount due on the judgment, and the amount being or to be received”. No mention is made of the source of the debt, the designated purposes of the amounts to be received or the effect of any prior misapplication of funds by the judgment debtor. Hence, while plaintiff’s argument may have some merit, the court is apparently not empowered to consider such matters. 'Rather, the focus of the statute is on the present and future financial condition of the judgment debtor without regard to past activities.
Does the amount of the monthly support payments exceed the “reasonable requirements” of the debtor in light of the circumstances? In this respect, support payments are to be treated like any other source of income. (6 Weinstein-Korn-Miller, NY Civ Prac 1f 5205.29.)
The burden of establishing necessity or reasonable requirements is apparently on the judgment debtor. (Matter of Dickens v Director of Fin. of City of N. Y., 45 Misc 2d 882; 6 Weinstein-Korn-Miller, NY Civ Prac U 5205.24; but see, Uni-Serv Corp. v Linker, 62 Misc 2d 861.) Defendant has not completed the financial affidavit required by plaintiff and has not set forth her expenses or needs in any great detail. However, she does state that she is currently working for Mary Kay Cosmetics but is not *709 generating a profit at this time. She further states that she has expended an average of $10,356 per year for-Matthew’s support in addition to an unspecified sum for her maintenance and support of her two other minor children. Since total support payments under the divorce decree are only $600 per month, it would appear that at this time there is no excess over the debtor’s “reasonable requirements”. However, plaintiff should be given an opportunity to dispute defendant’s needs. Unless it is able to establish a surplus, its motion is denied. Plaintiff has 45 days to submit such proof, and Mrs. Prentice is directed to appear for an examination before trial within that period.