Bank of Smithtown, Plaintiff,

against
Troy & Troy, P.C., JOSEPH B. TROY, EDWARD J. TROY, JAMES J. TROY, WILLIAM J. TROY, Defendants.


29612-10

JEFFREY B. HULSE, ESQ.
Attorney for Plaintiff
295 North Country Road
Sound Beach, New York 11789 
EDWARD J. TROY, ESQ.
Defendant Pro Se


Elizabeth H. Emerson, J.

Upon the following papers numbered 1-19 read on this motion to punish for contempt; Notice of Motion and supporting papers 1-7; Notice of Cross Motion and supporting papers ; Answering Affidavits and supporting papers 8-14; Replying Affidavits and supporting papers 15-19; it is,
ORDERED that this motion by the plaintiff for an order punishing the defendant Edward J. Troy for contempt of court is referred to a hearing, which shall be held on October 11, 2017 at 9:45 a.m., Supreme Court, Courtroom 7, Arthur M. Cromarty Criminal Court Building, 210 Center Drive, Riverhead, New York 11901.
By an order dated April 21, 2015, this court granted a motion by the plaintiff judgment creditor (the "Bank") for an installment-payment order against the defendant judgment debtor, Edward Troy, and directed him to pay $3,000 out of his income every month until the judgment entered in this action and all accrued interest thereon was fully paid and satisfied. Edward Troy began making payments on or about June 30, 2015, and continued to make payments until August 23, 2016, after which the payments ceased. By a letter dated February 27, 2017, the Bank demanded an immediate payment of $18,000 to cure the delinquency. When Edward Troy failed to respond, the Bank sent him another letter dated March 29, 2017, advising him that, if he did not cure the delinquency, it would initiate contempt proceedings in 10 days. This motion ensued.
The wilful failure to comply with an installment-payment order can render a judgment debtor liable for punishment for contempt (CPLR 5251; Sure Fire Fuel Corp v Martinez, 75 Misc 2d 714, 715). Without this right there would be no power in the court to enforce its order (Id.). In view of the severity of the punishment, however, contempt should not be determined by default or on a pro forma affidavit (Id.; Uni-Serve Corp. v Linker, 62 Misc 2d 861, 865). The fact that a judgment debtor has failed to comply with an installment-payment order does not, of itself, render him guilty of contumacious conduct calculated to defeat, impair, impede, and prejudice the rights and remedies of the plaintiff (Sure Fire Fuel Corp v Martinez, supra at 716). If a debtor is directed to pay installments out of his income and he has no income during certain periods, he does not disobey the mandate by failing to make payments on such occasions and cannot be punished for contempt (Id.). In matters of this type, when it appears that there may be financial inability, the better practice is to bring the judgment debtor before the court to determine his financial status at a hearing before issuing an order of contempt (Id. at 716-717 [and cases cited therein]). At such a hearing, the debtor has the burden of establishing that he had no income out of which to pay the installments (Id. at 716).
In opposition to the Bank's motion to punish him for contempt, Edward Troy avers that, he has undergone several surgeries on his shoulder since the court handed down its April 21, 2015, installment-payment order. The last surgery left him unable to work for 12 weeks and in chronic pain. By letters dated April 29 and May 4, 2017, he tendered a cashier's check in the amount of $6,000 to the Bank in partial payment of the arrears. It was returned both times. He avers that he has another cashier's check in the amount of $6,000 which, combined with the previously tendered cashier's check, would cover $12,000 of the arrears. He also avers that he has inquired about obtaining a loan from his IRA account, which would allow him to make a final payment in full satisfaction of the judgment.
In view of the foregoing, this matter is referred to a hearing to determine Edward Troy's financial status and ability to comply with the installment payment order.
DATED: August 9, 2017
Hon. Elizabeth Hazlitt Emerson
J. S.C.